PATRICK DEVINE v. THE CHICAGO, MILWAUKEE & ST.
PAUL RAILWAY COMPANY, Appellant.

**Cross-examination.** A physician who has testified for plaintiff in an
action for personal injuries, as to the nature, extent, and probable
effect of his injuries, and the amount of his charges, cannot be
cross-examined as to whether plaintiff had not told him that the
injuries received were due to his own fault.

**Instructions:** HARMONY. A petition alleged that the brakeman called
plaintiff's station; that the car stopped; and that plaintiff, while
attempting to alight, was thrown off, by the sudden starting of
the car; and that "defendant was negligent in stopping the car
when it did, and in inviting and permitting passengers to leave
the train." The first paragraph of an instruction stated the negli-
gence charged, in the language of the petition. Another paragraph
told the jury that they might find the defendant negligent if, when
plaintiff attempted to alight, the brakeman failed to inform him
that the train had not yet reached the station, and plaintiff could
not see that the train was not yet at the station, and, while exercis-
ing ordinary care, he was thrown off and injured by the starting
of the car. *Held,* that the instructions were not contradictory in
stating the negligence charged.

CONSTRUED TOGETHER. Where the jury are told that negligence was
the doing, or omitting to do, what persons of ordinary prudence
would not have done, or omitted, and that contributory negli-
gence was such want of care as was directly instrumental in pro-
ducing the injury, a further charge that plaintiff must use ordinary
care to avert danger that could be "readily" discovered, is not
misleading.

PROVINCE OF JURY. An instruction in an action for personal injur-
ies received while alighting from a passenger train, that if the
station was called, and the train soon after stopped, a person
might safely conclude, in the absence of notice, that the train
was arriving at the station, is not objectionable, as taking from
the jury the question, what facts would warrant such conclusion.

*Appeal from Clinton District Court.*—HON. P. B. WOLFE,
Judge.

TUESDAY, JANUARY 26, 1897.

Action to recover for personal injuries received by the plaintiff while alighting from one of the defendant's passenger trains, upon which he was a passenger. Verdict and judgment for six hundred and fifty dollars in favor of the plaintiff. Defendant appeals.— *Affirmed.*

*Hayes & Schuyler* for appellant.

*R. B. Wolfe* and *McCoy Bros.* for appellee.

Given, J.—I. Appellant presents seventy-one assignments of error, many of which are barely mentioned, but not discussed, in the argument. These assignments may be considered under three heads, namely, rulings on evidence, on instructions, and on defendant's motion for a new trial. We have examined each of the thirty-one exceptions to rulings on taking the testimony, and find but one which we think requires consideration in this opinion. All the other rulings were so clearly correct, or without prejudice, that we will not take space to further notice them. Dr. E. C. McNeal was called by the plaintiff, and testified in chief that he attended the plaintiff; to the nature, extent, and probable effect of his injuries, and the amount of his charge. He was not asked to, nor did he, testify in chief to any statements by the plaintiff, nor to any conversation with him on any subject. On cross-examination, defendant's counsel, in a series of questions, asked, in effect, if the witness had had any conversation with the plaintiff in regard to how his injuries were received, and whether the plaintiff had not said "that the injuries he received were his own fault, or words to that effect." Plaintiff objected as not proper cross-examination, and incompetent, and as calling for a conversation between a patient and physician. It is

plain, beyond all question, that it was not a proper cross-examination, and therefore plaintiff's objections were properly sustained. This being true, we need not follow the discussion as to whether or not the conversation asked for was privileged.

II. We next inquire as to the exceptions to instructions given and refused. The petition alleges, and the evidence shows without conflict, that on the night of December 27, 1893,—a dark, rainy night,—plaintiff was a passenger on one of defendant's passenger trains from Cedar Rapids to Lost Nation, he having a ticket for the trip; that on nearing Lost Nation the brakeman called the station, and opened the doors, and that plaintiff passed onto the car platform, and down the steps, for the purpose of alighting from the train; and that as he got off he fell (or was thrown) down, and was injured. The place at which he got off was some distance before the car had reached the depot platform. There is a dispute as to whether the train was stopped from the depot and he got off before reaching the depot platform, plaintiff's claim being that it was stopped, and that he was thrown down by the sudden starting of the train, while defendant contends that it was only slowed up, and not stopped until the depot platform was reached, and that plaintiff was guilty of negligence in getting off when, where, and as he did. This is a sufficient statement of the facts for an understanding of the questions to be considered. Defendant asked seven instructions which were refused, and excepted to paragraphs 1, 3, 5, 6, 7, and 8 of those given. Appellant's first complaint of those given is that paragraphs 1, 3, and 7 are contradictory, in stating the negligence charged. The first states it in the language of the petition, which is as follows: "That the defendant was guilty of negligence in stopping the train where it did, and in inviting and

permitting passengers to leave the train, thereby causing plaintiff's injury." The third directs the jury that, to find for the plaintiff, they must find that he was injured substantially as alleged, that he was free from negligence contributing to his injury, and "that the alleged injury was caused by negligence on the part of the defendant, in calling out the station and stopping its train before it reached the station platform, and by starting up while the plaintiff was attempting to leave the train after said stop." In the seventh paragraph the jury were told, in substance, as follows: That if they believed from the evidence that the plaintiff was a passenger as alleged; that the night was dark and rainy; that the brakeman called the station and opened the doors; that the train came to a full stop; that thereupon plaintiff went on the platform where the brakeman was standing, as if to get off, and that the brakeman failed to warn him of danger, and to inform him that the train had not reached the station, and that plaintiff, on account of darkness, did not, and could not, discover that the car was not at the platform, and that, exercising ordinary care, he attempted to leave the train; and that by the starting thereof he was thrown or fell, and was injured,—they would be warranted in finding negligence on the part of the defendant. To stop the train as alleged, and to have invited or permitted passengers to then and there alight therefrom, was not negligence *per se*, but was negligence, or not, according to the attending circumstances. The petition alleges as one of the circumstances that the train was suddenly started while he was getting therefrom. The matters recited in the seventh paragraph of the charge are all alleged as circumstances which made it negligence to stop the train, and invite or permit passengers to then leave it. The instructions are not contradictory as to the negligence charged, but, as we view them, are, as a whole,

plain, explicit, and harmonious. In the fifth para-
graph, in instructing as to the care plaintiff was
required to exercise, the court said that he must
exercise ordinary care to avoid danger that
"could be readily discovered by him." Defend-
ant complains of the use of the word "readily,"
and contends that thereby plaintiff was only held to
avoid such danger as he could quickly, promptly, or
easily discover. Taking the words quoted alone, they
may warrant such a construction, but, in view of what
is said in other parts of the charge and in that
instruction, we think it could not be so understood.
In the preceding paragraph the jury were instructed,
in effect, that negligence was the doing or omitting to
do what persons of ordinary prudence would not have
done or omitted; and in paragraph 5 they were told
that contributory negligence was such want of care
on the part of the plaintiff as was a co-operating
cause, and directly instrumental in producing the
injury; also, that if the plaintiff, by his own negli-
gence, directly contributed to the injury, he
could not recover. In the sixth paragraph the
court instructed that if the station was called,
and the train soon thereafter stopped, "a person might
safely conclude, in the absence of notice, that the train
was arriving at the station." Defendant insists that,
if the conclusion of the plaintiff was material, it
should have been left to the jury to find it. In stat-
ing, as was done, what facts would warrant the
conclusion, the question was not taken from the jury.
We have examined the instructions asked and refused,
and find that, wherever the law was correctly stated
therein, it is embraced in the instructions given. Our
conclusion upon this branch of the case is that there
was no error in the giving or refusing of instructions.

III. Defendant's motion for a new trial, in addi-
tion to the questions already considered, presented the

question of the correctness of the special findings, and
of the sufficiency of the evidence.   We will not extend
this opinion by here setting out or discussing the evi-
dence.   It is sufficient to say that, upon a careful
examination thereof, we are of the opinion that the
special findings and verdict have such support therein
that we would not be warranted in disturbing the
same.   Therefore the judgment of the district court is
AFFIRMED.