(21 Misc. Rep. 68.)

· ERNST et al. v. ESTEY WIRE-WORKS CO.

(Supreme Court, Appellate Term. July 29, 1897.)

1. DEPOSITION—NONRESPONSIVE ANSWER.
    An answer of witness examined on commission not responsive to the interrogatory may be stricken out on the trial.
2. CROSS-EXAMINATION.
    A party cannot introduce his case by cross-examining a witness as to facts and circumstances not connected with the matters stated on the direct examination.

On motion for reargument. Denied.

Reargued before DALY, P. J., and McADAM and BISCHOFF, JJ.

McADAM, J. In this case the judgment in favor of the plaintiffs was affirmed (20 Misc. Rep. 365, 45 N. Y. Supp. 932), and the defendant moves for a reargument, assigning as reasons (1) that the court overlooked the fact that the court below excluded testimony to prove.that the plaintiffs had notice of the collection of the claims. in suit by the Kilmer Manufacturing Company (their assignor) when they made the agreement with the latter, on October 19, 1895; (2) that the court below excluded the defendant's testimony to prove the allegations contained in the answer.

We may say, in the language of the court of appeals in denying

a motion for reargument (Fosdick v. Town of Hempstead, 126 N. Y., at page 653, 27 N. E. 383):

"It is a mistake for counsel to assume that any particular portion of his argument, which has not been the subject of express reference in the opinion, has been overlooked. It is scarcely possible within the bounds of an ordinary opinion to meet and answer every argument which has been made by counsel orally, or which may be in his brief."

The brief submitted by the appellant at the argument covers all the points embraced in its application for a reargument, and none were overlooked; all received careful consideration.

As to the first ground alleged: The defendant's counsel asked on the direct examination of the witness McCready, who was examined on commission: "Did the plaintiffs have notice of the collection of the claims in suit by the Kilmer Manufacturing Co.? If you answer 'Yea,' state all the facts in regard to the notice." The witness did not answer "Yea," but said: "I cannot swear positively that the plaintiffs had notice of the collection of the claim in suit by Kilmer Manufacturing Co." The witness was evidently unwilling to swear to such notice. He undertook, however, to relate, from what he termed his "present" recollection, certain circumstances as to a number of claims which the Kilmer Manufacturing Company had collected and not remitted to the plaintiffs, but making no direct reference to the claims in suit. The justice, on motion of the plaintiffs' counsel, struck out this portion of the answer, because not responsive to the question put. Questions put to witnesses must not only be proper, but the answers responsive and competent, or they may be stricken out. Bank v. Cowan, 2 Abb. Dec. 88; Platner v. Platner, 78 N. Y., at page 102. Thus, an answer to an interrogatory, under a commission, which is not responsive to the interrogatory, may be objected to by either party on the trial, and be excluded. Lansing v. Coley, 13 Abb. Prac. 272. If the witness had been on the stand in open court, other questions might have been put by defendant's counsel, which would have rendered the evidence proposed or part of it admissible, and these, in turn, would have enabled the plaintiffs to cross-examine the witness as to such matters,—a privilege the irresponsive answer upon commission did not give, for the plaintiffs could not anticipate voluntary statements on the part of the witness.

On page 8 of the return it appears that certain questions were put on cross-examination to Mr. Ernst, one of the plaintiffs, as to when he first learned that the defendant had paid the claims to the Kilmer Manufacturing Company, and as to whether he knew that the defendant had paid them to that company. Ernst was the first witness examined, and the relevancy of the questions at that time neither appeared, nor was it made apparent by any statement or offer of counsel. The justice ruled the testimony out. The ruling was not improper, and the defendant's counsel seemingly acquiesced in it, for he took no exception. The defendant had no right to insist on having those questions answered at that stage of the case, for, in strict practice, a party cannot introduce his case to the court by cross-examining the witness of his adversary, since he has no

legal right to cross-examine him except as to facts and circumstan-
ces connected with the matters stated on the direct examination.
See cases collated in Baylies, New Trials, 178; Cow. Treat. (Kings-
ley's Ed.) § 1477. The questions put to Ernst were in violation of
this rule, and the justice, for that reason, if no other, had the right
to disallow them.

The rulings made are the main ground upon which a reargument
is sought. They do not constitute reversible error. On the con-
trary, they were in conformity with the rules regulating the exam-
ination of witnesses. The defendant was not prevented from prov-
ing in any legal manner that the plaintiffs had knowledge of the
collection of the claims at the time the agreement of October 19,
1895, was made; and as such knowledge was not proved, and the
onus of establishing it was on the defendant as an essential feature
of its defense, the justice had the right to infer and find want of
knowledge, particularly in view of the fact that the plaintiffs had
the right to assume that the defendant would not, after receiving
notice of the assignment, pay the claim to the assignor. This want
of knowledge simply relieved the court from going a step further,
and determining whether, even if there had been knowledge on the
part of the plaintiffs, the agreement of October 19, 1895, in any man-
ner discharged the defendant. That contract protects the officers
of the Kilmer Manufacturing Company from prosecution by the
plaintiffs for tort, but does not discharge any existing right of ac-
tion held by the plaintiffs.

As to the second ground of the application, that this court over-
looked the fact that the court below excluded the defendant's testi-
mony to prove the allegations contained in the answer. This is
too general. The brief submitted by the appellant on the argu-
ment referred in detail to all the rulings made by the justice ex-
cluding evidence, and they were carefully gone over. In the brief
for reargument the appellant repeats its original argument that the
court below erred in refusing to admit in evidence the agreement
of October 19, 1895. The agreement is annexed to the return, and,
if admitted in evidence, it would not have established the defense.
In the opinion affirming the judgment we disposed of that conten-
tion as follows:

"No act of the Kilmer Manufacturing Company, after notice of the assign-
ment, could prejudice the plaintiffs, and the evidence offered by the defendant
to show such acts was properly excluded. The point that the plaintiffs elected
to discharge the defendant by agreeing not to prosecute the directors of the as-
signor for tort is without merit. The promise related merely to the form of any
remedy the plaintiffs might invoke for any wrong accomplished by the assignor,
and it is not binding as an election to discharge the defendant; for there is no
evidence to show that the plaintiffs had any knowledge that the defendant had
paid their claims to the Kilmer Company, so as to raise the implication that the
said claims were referred to; and, after serving notice of the assignment to them,
the plaintiffs had the right to assume that such payment had not been made."

It is claimed that the court below erred in refusing to allow the
defendant to put in evidence the list of accounts assigned to the
plaintiffs April 26, 1895. These accounts were assigned as security,
and it was immaterial, in any possible phase of the case, how many

were assigned; and no exception appears to have been taken to the ruling.

The controlling point in the case, and the one on which its determination turned, was that the defendant, after receiving written notice, of the assignment to the plaintiffs of the claims in suit, for some unexplained and incomprehensible reason, paid the claims to the assignor. The payment was made by the defendant in its own wrong, without the slightest authority or excuse, and a defense cannot be sustained with such a wrong for its foundation. It ought not to be surprising, therefore, that the justice found for the plaintiffs, and that we discovered no legal reason for disturbing his judgment.

Motion denied, with $10 costs. All concur.