## SAFTER v. UNITED STATES.

### (Circuit Court of Appeals, Eighth Circuit. May 9, 1898.)

### No. 993.

**1. CRIMINAL LAW—EVIDENCE—SUBSEQUENT CRIMES—RELEVANCY.**
On a trial for mailing lewd and lascivious letters, in which the only issue for the jury is whether they were sent through the mails or in some other way, evidence of subsequent illicit relations between the writer and the addressee of the letters is irrelevant.

**2. WITNESS—CROSS-EXAMINATION.**
A witness may not be cross-examined upon a subject concerning which he has not testified in chief, unless such cross-examination is in the form which lays a proper foundation for impeachment.

**3. SAME—IMPEACHMENT.**
When a witness is cross-examined on a matter collateral to the issue, his answer cannot be subsequently contradicted by the party who put the questions.

In Error to the District Court of the United States for the Western District of Arkansas.

Wm. M. Cravens, for plaintiff in error.

F. A. Youmans, for defendant in error.

Before SANBORN and THAYER, Circuit Judges, and SHIRAS, District Judge.

SANBORN, Circuit Judge. The plaintiff in error, L. A. Safter, pleaded not guilty to an indictment for mailing two lewd and lascivious letters on July 15, 1895, and on August 6, 1895, respectively, and after a trial by a jury was convicted, and sentenced to imprisonment at hard labor in the penitentiary at Ft. Leavenworth for two years. The trial court declared the letters to be lewd and lascivious as a matter of law, and the only question submitted to the jury was whether or not they were mailed. Upon this issue the testimony was conflicting. After the plaintiff in error had testified that they never were transmitted through the mails, but that one of them was handed by him personally to the woman to whom it was addressed, and that the other was sent to her by a special messenger, the district attorney was permitted, over the objection of counsel for the accused, to ask him whether or not, in January, 1896, he and the addressee of the letters registered at an hotel in Ft. Smith, in the state of Arkansas, and occupied the same room, as John Jones and wife. After he had answered that they did not, the district attorney was allowed to introduce evidence, over like objections, that they did, and that at another time and place, months after the letters were delivered, they were seen in a water-closet together. These and many other rulings of the court below are assigned as error. What relevancy this testimony had to

the question whether or not these letters were sent through the mails, or to the question whether the letters were lewd and lascivious or not, or to the question whether the testimony of the defendant was credible or not, it is difficult to perceive. The fact, if it was a fact, that the accused committed adultery with the addressee of the letters, or that he frequented a closet with her, is certainly not evidence that he mailed a lewd and lascivious letter to her six months before. It is too well settled for consideration or discussion that proof of the subsequent commission of another crime is no evidence of the earlier commission of a like or a different crime. People v. O'Brien, 96 Cal. 171, 31 Pac. 45; Clapp v. State, 94 Tenn. 186, 30 S. W. 214; People v. Fowler, 104 Mich. 449, 453, 454, 62 N. W. 572, 574. There was nothing in the direct examination of the plaintiff in error bearing upon his relations with the addressee of these letters, and no foundation there for the question propounded to him on cross-examination, and neither that question nor any answer that might be made to it could have any tendency to impeach his character for truth and veracity. Moreover, if that question and its answer had been competent, the rebutting evidence which contradicted the answer was clearly incompetent. The matter in issue was whether or not the lewd letters were mailed. The question whether or not the accused and the addressee of the letters registered as man and wife and occupied the same room six months later was entirely collateral to this issue. "When a witness is cross-examined on a matter collateral to the issue, his answer cannot be subsequently contradicted by the party putting the question." Whart. Cr. Ev. § 484, and cases cited in note 6. There is no ground on which the introduction of this evidence can be sustained, and the questions it presents are too elementary to warrant discussion. The judgment below is reversed, and the case is remanded to the district court, with directions to grant a new trial.