## McCREA v. PARSONS et al.

(Circuit Court of Appeals, Seventh Circuit. January 7, 1902.)

No. 780.

**1. APPEAL—ACTION TRIED TO COURT—QUESTIONS REVIEWABLE.**

Where a jury is waived in the circuit court, and an action at law tried to the court, which makes a general finding only, the appellate court can consider only the rulings made during the trial to which exceptions have been preserved, and cannot inquire into the special facts and conclusions of law upon which such general finding rests.

**2. TRIAL—MOTION FOR JUDGMENT—WAIVER.**

A motion for judgment made by defendant at the close of plaintiff's evidence and overruled is waived unless it is renewed after defendant has introduced his evidence, and the ruling thereon cannot be assigned for error.

**3. WITNESSES—CROSS-EXAMINATION—LIMITATION.**

A question asked a plaintiff on cross-examination is properly excluded, where it does not relate to the subject of the direct examination, but goes to an affirmative defense.

**4. ASSUMPSIT—PLEADING—MATTERS PROVABLE UNDER GENERAL ISSUE.**

In an action in assumpsit, any matter of defense which tends to prove the illegality or invalidity of the contract sued on may be shown under the general issue.

**5. APPEAL—REVIEW—HARMLESS ERROR.**

A ruling sustaining a demurrer to a special plea setting up a defense which is provable under the general issue, if erroneous, is without prejudice.

In Error to the Circuit Court of the United States for the Northern District of Illinois.

Roland D. Whitman, for plaintiff in error.

Frank F. Reed, for defendants in error.

Before JENKINS and GROSSCUP, Circuit Judges, and BUNN, District Judge.

PER CURIAM. The defendants in error, constituting the co-partnership of E. M. Parsons & Sons, brought suit against the plaintiff in error and one Walters, who was subsequently discharged out of the case by reason of his discharge in bankruptcy, to recover upon an account stated the sum of $9,476.50. The defendants pleaded the general issue, and filed therewith three special pleas, substantially to the effect that the cause of action arose from certain gains and profits alleged to have accrued to the plaintiffs in the buying and selling of grain on the board of trade in the city of Chicago by the defendants on behalf of, and as the agents of, the plaintiffs; that the purchases and sales were colorable only; that none of the grain was intended by the parties to the transactions to be received or delivered, but that the intention was that the transactions should be adjusted and settled on the difference in the price of the grain and the price of like grain on the board at the date of maturity of the contracts, and in no other way; and that such trans-

actions were illegal and void. A general demurrer to these pleas was sustained, with leave to withdraw the plea of the general issue and to amend the special pleas. This order seems not to have been acted upon, and subsequently the defendants had leave to file additional pleas instanter; the demurrer to the original plea to stand to the additional pleas. This further plea was substantially of like effect as the other pleas, except that, instead of conceding that the moneys were received by the defendants as agents, it charged "that the defendants had given to the plaintiffs the privilege of dealing in options with or through them on the Board of Trade of the City of Chicago, and had agreed with them that if there was a loss by such dealing the plaintiffs were to pay such loss to them," and "if there was a gain or winning the defendants were to pay to the plaintiffs such loss or winnings," and "that all purchases, dealings, and sales made by the said defendants for and on behalf of the plaintiffs were colorable only, and were, in effect, gambling contracts between the plaintiffs and the defendants." The demurrer to this plea was sustained, and the order, as entered, provided that "the defendant has leave to refile the plea of general issue," and such a plea was in fact thereafter filed. Subsequent to the judgment that order was expunged as erroneous, and an order entered sustaining the demurrer to the additional plea; "the plea of general issue heretofore filed herein to stand." The cause was tried by the court, a jury being waived, and there was a general finding by the court in favor of the plaintiffs below, upon which judgment was entered.

The main question presented at the bar is whether an agent receiving moneys, the proceeds of transactions between his principal and others, which are condemned by the statute, may retain from his principal the moneys so collected for him. We are of opinion that the record does not come to us in such shape that we can properly consider the question. The trial was by the court without a jury, and there is no special finding of fact. We are limited in such case to the rulings of the court, when properly preserved; for we have no right to inquire into the special facts and conclusions of law upon which that general finding rests. Reed v. Stapp, 3 C. C. A. 244, 52 Fed. 641; Distilling & Cattle Feeding Co. v. Gottschalk Co., 13 C. C. A. 618, 66 Fed. 609; Boardman v. Toffey, 117 U. S. 271, 6 Sup. Ct. 734, 29 L. Ed. 898; Wilson v. Trust Co., 22 Sup. Ct. 54, 46 L. Ed. ——.

At the conclusion of the plaintiffs' evidence the plaintiff in error moved the court to find in his favor upon certain grounds stated. The motion was overruled, and exception taken. Subsequently he offered evidence in his own behalf, and there was no renewal of this motion at the close of the testimony. The motion, therefore, is waived, and cannot be assigned for error. Railroad Co. v. Cummings, 106 U. S. 700, 1 Sup. Ct. 493, 27 L. Ed. 266; Railroad Co. v. Hawthorne, 144 U. S. 202, 12 Sup. Ct. 591, 36 L. Ed. 405; Railroad Co. v. Daniels, 152 U. S. 684, 14 Sup. Ct. 756, 38 L. Ed. 597; Wilson v. Stock Co., 153 U. S. 39, 14 Sup. Ct. 768, 38 L. Ed. 627; Runkle v. Burnham, 153 U. S. 216, 14 Sup. Ct. 837, 38 L. Ed. 694;

Railroad Co. v. Myers, 11 C. C. A. 439, 63 Fed. 793; Insurance Co. v. Crandal, 120 U. S. 527, 7 Sup. Ct. 685, 30 L. Ed. 740; Railroad Co. v. Mares, 123 U. S. 710, 8 Sup. Ct. 321, 31 L. Ed. 296; Robertson v. Perkins, 129 U. S. 233, 9 Sup. Ct. 279, 32 L. Ed. 686.

At the trial E. M. Parsons, one of the plaintiffs, called as a witness for the plaintiffs, identified the stated account upon which suit was brought, and said that he received it from the defendants at the time stated. It was thereupon admitted by the defendant McCrea that the account was drawn from the defendants' books and sent by them through the mail to the plaintiffs about April 1, 1899. The direct examination of the witness was confined to the identification of this account. Upon cross-examination he was asked: "What was the nature of these transactions? Did you ever intend any delivery?" The question was objected to, and the objection sustained, and, we think, correctly. The question was not then proper. A cross-examination should be confined to the subject of the examination in chief. The question went to the defense of illegality of the transaction, which was an affirmative defense. The witness was not recalled by the defense. The question was not proper upon cross-examination.

The ruling of the court in sustaining the demurrers to the several pleas is sought to be here reviewed. Passing the question whether there was here such pleading over after demurrer sustained that any error in holding the pleas bad is waived, we are of opinion that the matters charged in the pleas were provable under the general issue; and, unless the court rejected evidence of the defense pleaded when offered under the general issue, it is not material whether the special pleas are good or bad. In Craig v. Missouri, 4 Pet. 410, 426, 7 L. Ed. 909, the court say, "Everything which disaffirms the contract, everything which shows it to be void, may be given in evidence on the general issue in an action of assumpsit." In Oscanyan v. Arms Co., 103 U. S. 261, 266, 26 L. Ed. 542, the court observes, "The general issue at common law is therefore sustained by proof of the invalidity of the transaction which is designated in the complaint or declaration as a contract." It was there held that at common law, under the general issue in assumpsit, it was always admissible to give in evidence any matter which showed that the plaintiff never had a valid cause of action. See, also, Minard v. Lawler, 26 Ill. 302, 305; Pollak v. Electric Ass'n, 128 U. S. 446, 452, 9 Sup. Ct. 119, 32 L. Ed. 474. The error, if any, in sustaining the demurrers, was therefore error without injury. The defense asserted by the special pleas could have been proven under the general issue; and we must assume either that it was presented and determined by the court below, or that it was not sought to be proven. In either case the ruling upon the special pleas cannot properly be considered.

The judgment is affirmed.