PEOPLE v. KEITH.*

Cr. No. 797; April 16, 1902.

. 68 Pac. 816.

**Rape—Cross-examination as to Previous Offenses.**—In a prosecution for rape it was error to compel defendant on cross-examination to testify to the fact of his having had sexual intercourse with the prosecutrix on two prior occasions, one of which was more than a year before the crime charged was alleged to have been committed, and at a time when the prosecutrix was under the age of consent, such evidence not having been touched upon in the direct examination.[1]

APPEAL from Superior Court, Yolo County; E. E. Gaddis, Judge.

William Keith was convicted of rape, and from the judgment and from the order denying a new trial he appeals. Reversed.

J. C. Ball for appellant; Tirey L. Ford, attorney general, A. A. Moore, Jr., deputy attorney general, and E. R. Bush, district attorney, for the people.

PER CURIAM.—The defendant has been charged and convicted of the crime of rape. He appeals from the judgment and order denying his motion for a new trial. His first contention is that the evidence is insufficient to support the verdict; but, in view of the fact that the court has concluded the cause must be returned to the trial court upon other grounds, we find it unnecessary to consider the contention raised as to the insufficiency of the evidence. Defendant was a witness in his own behalf, and upon his examination in chief he testified that he had a conversation with the prosecuting witness shortly after the alleged commission of the offense, as follows: " 'Cindy, why did you tell

---

*For subsequent opinion, see 141 Cal. 686, 75 Pac. 304.

[1] Cited and approved in Harrold v. Territory of Oklahoma, 169 Fed. 52, 94 C. C. A. 415, a larceny case. The court said: "If the cross-examiner would inquire of the witness concerning matters not opened on the direct examination, he must call him on his own behalf."

Charlie Morris about me having anything to do with you?' She says, 'Well, I never told him.' I says, 'You must have told him, for he told me the very spot you and I went.' She says, 'You are a liar; I never told him.' '' Whether or not this evidence was incompetent and irrelevant becomes immaterial, for no objection was made to it upon the part of the people. But upon cross-examination by the district attorney the defendant was compelled to testify, under objection and exception, that he had had sexual intercourse with prosecutrix upon two prior occasions, one of which was something more than a year preceding the time at which the crime here under investigation was charged to have been committed. The trial took place in December, 1900, and, as prosecutrix testified that her age was seventeen years, it is fairly apparent that at the time the prior act of intercourse was committed she was under the age of consent. That being so, intercourse with her at that time by the defendant, regardless of the question of force, amounted to rape. For this reason the above cross-examination, upon its face, not only seems to have been highly improper, but certainly was prejudicial to defendant. Upon his examination in chief he had not been questioned as to any facts concerning prior acts of intercourse, and therefore the cross-examination was not proper. He had only testified as to a conversation had with the prosecuting witness, and to that matter alone the cross-examination should have been confined.

For the foregoing reasons the judgment and order are reversed and the cause remanded.