## HARROLD v. TERRITORY OF OKLAHOMA.

(Circuit Court of Appeals, Eighth Circuit. March 26, 1909.)

No. 2,600.

1. WITNESSES (§ 380*) — INVOLUNTARY CONFESSION INCOMPETENT TO IMPEACH ACCUSED.

An involuntary confession of an accused person, incompetent to prove the case of the prosecutor in chief, is incompetent to impeach the accused after he has testified in his own behalf relative to other subjects only, (1) because such a confession is unworthy of belief, and (2) because its introduction would violate the constitutional guaranty that the accused shall not be compelled to testify against himself.

[Ed. Note.—For other cases, see Witnesses, Cent. Dig. § 1211; Dec. Dig. § 380.*]

2. WITNESSES (§§ 305, 380*)—WAIVER BY ACCUSED BY TESTIFYING OF GUARANTY AGAINST COMPULSION TO TESTIFY LIMITED TO LEGAL CROSS-EXAMINATION.

The waiver by an accused person testifying in his own behalf of his constitutional guaranty against being compelled to testify against himself does not extend beyond a legal cross-examination upon the subjects of his direct examination.

Impeaching questions relative to the involuntary confession not treated in the direct examination of the accused, and the introduction of such a confession to contradict the answers to such questions, violate the constitutional guaranty.

[Ed. Note.—For other cases, see Witnesses, Cent. Dig. §§ 1053–1057, 1211; Dec. Dig. §§ 305, 380.*]

3. WITNESSES (§ 269*)—CRIMINAL LAW (§ 1170½*)—CROSS-EXAMINATION—LIMITATIONS—HOW FAR DISCRETIONARY.

The party against whom a witness is called has the right to a full and fair cross-examination of him upon the subjects of his direct examination.

The party on whose behalf a witness is called has the right to restrict his cross-examination to the subjects of his direct examination.

The violation of these rights is not discretionary with the courts, but is reversible error.

It is only beyond the limits of the exercise of these rights that the extent of the cross-examination of witnesses is within the discretion of the courts.

[Ed. Note.—For other cases, see Witnesses, Cent. Dig. § 949; Dec. Dig. § 269;* Criminal Law, Cent. Dig. § 3133; Dec. Dig. § 1170½.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

4. CRIMINAL LAW (§ 736*)—COMPETENCY OF CONFESSION FOR COURT—EVIDENCE CONCERNING INADMISSIBLE TO JURY.

It is the duty of the court to determine whether or not an alleged confession by an accused person was voluntary or involuntary, and it is error to permit the introduction of the evidence upon that question before the jury.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 1219; Dec. Dig. § 736.*]

(Syllabus by the Court.)

In Error to the Supreme Court of the Territory of Oklahoma.

For opinion below, see 18 Okl. 395, 89 Pac. 202.

S. H. Harris, W. F. Wilson, and Claude Nowlin, for plaintiff in error.

Charles West and W. C. Reeves, for defendant in error.

Before SANBORN and ADAMS, Circuit Judges, and RINER, District Judge.

SANBORN, Circuit Judge. The defendant below was indicted, tried, and convicted of stealing two steers. Many errors in the trial are assigned, and, among others: (1) That over the timely objection and exception of the accused the court permitted evidence upon the question whether or not a confession he was alleged to have made was free and voluntary to be introduced before the jury; (2) that after the court had decided that it was involuntary and had excluded it from the evidence, and after the accused had testified in his own behalf, wherein he said nothing relative to the alleged confession, it allowed the prosecutor to ask him on cross-examination whether or not he had made the statements in the alleged confession to the county attorney and others; and (3) that after he had denied that he made them the court permitted the introduction in evidence of proof of the confession.

These rulings question two established principles of criminal jurisprudence: First, a confession by the accused of his guilt or of facts tending to establish it, obtained by the compulsion or inspiration of hope, fear, or any other sort of inducement, is incompetent evidence against him because it is not worthy of belief (1 Wigmore on Evidence, § 822, and cases cited at pages 932, 933); and, second, no person "shall be compelled in any criminal case to be a witness against himself" (5th Amend. Const. U. S.; Wilson's Ann. St. Okl. § 5157; Bram v. United States, 168 U. S. 532, 542, 557, 558, 559, 565, 18 Sup. Ct. 183, 42 L. Ed. 568; Sorenson v. United States, 143 Fed. 820, 823, 824, 74 C. C. A. 468, 471, 472). The existence of these rules is not denied, but it is contended that they are limited in their effect to the evidence for the prosecution in chief, and that they have no application to that offered during the cross-examination of the accused or in rebuttal of his answers to impeaching questions. The two rules are not coextensive in effect, for an accused person may waive his constitutional privilege under the second rule and submit to examination without making hearsay or other incompetent evidence admissible to convict or to impeach him.

Let it, therefore, be conceded, for the purpose of the consideration of

the effect and extent of the first rule, that when the defendant testified in his own behalf he waived his privilege to decline to be a witness against himself under the second rule. Did that waiver make his in-competent confession admissible evidence against him under the first rule? The reason for the first rule is that confessions induced by hope or fear inspired by promises, threats, or surrounding circumstances are likely to be untrue, are unreliable, incredible, and, therefore, not evi-dence of the truth.

In 2 Hawkins, Pleas of the Crown (8th Ed.) p. 595, § 34, there is an admirable statement of the law upon this subject, which seems to have been copied from a note to the sixth edition of that work, and which reads in this way:

"And as the human mind under the pressure of calamity is easily seduced, and liable, in the° alarm of danger, to acknowledge indiscriminately a false-hood or a truth, as different agitations may prevail, a confession, whether made upon an official examination or in discourse with private persons, which is obtained from a defendant either by the flattery of hope, or by the im-pressions of fear, however slightly the emotions may be implanted, is not admissible evidence; for the law will not suffer a prisoner to be made the deluded instrument of his own conviction."

In Warickshall's Case, 1 Leach, Cr. C. (3d Ed.) 298, the court said, in 1783:

"A free and voluntary confession is deserving of the highest credit, be-cause it is presumed to flow from the strongest sense of guilt, and therefore it is admitted as proof of the crime to which it refers. But a confession forced from the mind by the flattery of hope or by the torture of fear comes in so questionable a shape when it is to be considered as evidence of guilt that no credit ought to be given to it, and therefore it is rejected."

In Reg. v. Doyle, 12 Ont. 354, Wilson, C. J., in delivering the opinion of the court, said:

"The reason the confession in such a case is not admissible is that in law it cannot be depended upon as true; for one in such a case may say, and is likely to say, that which is not the truth if he thinks it to his ad-vantage to do so."

In Commonwealth v. Morey, 1 Gray (Mass.) 462, Shaw, C. J., said:

"The ground on which confessions made by a party accused, under prom-ises of favor or threats of injury, are excluded as incompetent is, not because any wrong is done to the accused in using them, but because he may be induced, by the pressure of hope or fear, to admit facts unfavorable to him without regard to their truth, in order to obtain the promised relief or avoid the threatened danger, and therefore admissions so obtained have no just and legitimate tendency to prove the facts admitted."

In State v. Novak, 109 Iowa, 717, 79 N. W. 465, the opinion reads:

"The reason for the rule excluding involuntary confession is not based on the thought that truth thus obtained would not be acceptable, but be-cause confessions thus obtained are unreliable. The rule is in the interest of safe and reliable evidence. * * * The essence of the rule is that when the confessions are made the conditions as to hope or fear are such as to make them unsafe as evidence."

The Statutes of Oklahoma (Wilson's Rev. & Ann. St. 1903) provide (section 5494):

169 F.—4

"That a person charged with crime, shall at his own request, but not otherwise, be a competent witness and his failure to make such request shall not create any presumption against him nor be mentioned at the trial."

Now the confession of this defendant was incompetent evidence against him. Did the fact that he availed himself of the privilege accorded to him by this statute make it competent? If so, did that fact make all incompetent evidence admissible against him? Did it make the confession and all other facts tending to establish his guilt provable against him by hearsay? Did it make his disclosure regarding his guilt if any, to his attorney for the purpose of his defense, admissible in evidence against him? All these questions must be answered in the negative, because the reason of the rule, and, therefore, the rule itself, apply with at least as much force to an involuntary confession after, as before, it is denied by the testimony of the accused. When it is offered by the prosecutor in chief, it is incompetent evidence to overcome the simple presumption of the defendant's innocence, because it is unworthy of belief. It cannot be more worthy of belief, or more competent to overcome both that presumption and the testimony of the defendant, after he has denied that he ever made it. Shephard v. State, 88 Wis. 185, 59 N. W. 449; Morales v. State, 36 Tex. Cr. R. 234, 36 S. W. 435, 846; Wright v. State, 36 Tex. Cr. R. 427, 37 S. W. 732, 734; Walton v. State, 41 Tex. Cr. R. 454, 55 S. W. 566.

The privilege granted to an accused person of testifying on his own behalf would be a poor and useless one indeed if he could exercise it only on condition that every incompetent confession induced by the promises, or wrung from him by the unlawful secret inquisitions and criminating suggestions, of arresting or holding officers, should become evidence against him.

The opinions of the courts in Commonwealth v. Tolliver, 119 Mass. 312, 315, Hicks v. State, 99 Ala. 169, 13 South. 375, State v. Broadbent, 27 Mont. 342, 71 Pac. 1, Quintana v. State, 29 Tex. App. 401, 16 S. W. 258, 25 Am. St. Rep. 730, Phillips v. State, 35 Tex. Cr. R. 480, 34 S. W. 272, in which the opposite conclusion has been reached, have been read and thoughtfully considered, but they present no argument which persuades that the general rule and the reason for it which have been stated are not sound. And the cases from Texas have been overruled by the later decisions of the Court of Criminal Appeals of that state which have been cited above.

Many authorities in which no question of the introduction of an involuntary confession or of other incompetent evidence was presented have been cited to the conceded general rule that an accused person who takes the stand in his own behalf waives his privilege of silence and subjects himself to cross-examination and impeachment to the same extent as any other witness. Fitzpatrick v. United States, 178 U. S. 304, 315, 20 Sup. Ct. 944, 44 L. Ed. 1078; Sawyer v. United States, 202 U. S. 150, 165, 166, 26 Sup. Ct. 575, 50 L. Ed. 972; State v. Ober, 52 N. H. 459, 13 Am. Rep. 88; Yanke v. State, 51 Wis. 464, 8 N. W. 276; Mitchell v. State, 94 Ala. 68, 10 South. 518; Rains v. State, 88 Ala. 91, 7 South. 315; Cotton v. State, 87 Ala. 103, 6 South. 372; Norris v. State, 87 Ala. 85, 6 South. 371; Clarke v. State, 78 Ala. 474, 56

Am. Rep. 45; Clarke v. State, 87 Ala. 71, 6 South. 368. But neither this rule, nor the opinions cited in support of it, are in conflict with the conclusion which has been reached. None of them maintains that any witness may be impeached or contradicted by incompetent evidence. They illustrate the familiar and lawful practice of impeaching witnesses by competent proof of contradictory statements regarding material facts, but not by incompetent proof of contradictory statements, such as hearsay, nor by proof of incompetent contradictory statements, such as proof of privileged communications containing such statements. Involuntary confessions of accused persons are inadmissible to impeach them as witnesses on the same ground that hearsay and all other incompetent evidence is inadmissible to impeach other witnesses, because they are unworthy of belief.

And right here is the limitation of the waiver by an accused person of his constitutional privilege under the second rule by testifying, and here is the evidence of the violation of that rule in this case. He may not "be compelled in any criminal case to be a witness against himself." When he testifies as a witness he waives this privilege of silence and subjects himself to cross-examination and impeachment to the same extent as any other witness would subject himself thereto in the same situation, but no farther. He may be cross-examined upon the subjects of his direct examination, but not upon other subjects; impeaching questions relative to facts not collateral to the issue—that is to say, relative to facts which the prosecutor is entitled to prove as a part of his case—may be lawfully propounded to him (Wharton's Criminal Evidence [9th Ed.] § 484), but such questions relative to facts that may not be so proved may not be asked him; and he may be impeached by competent proof of statements made by him contradictory of his answers to such lawful questions, but not by proof of answers contradicting unlawful questions. For these are the limits of the cross-examination and of the lawful evidence of impeachment of other witnesses. An accused person who testifies to the single fact that a bill of sale or a deed was signed by the grantor does not thereby waive his privilege to refuse to testify upon every other material issue in his case. He waives his privilege of silence upon the subjects relative to which he testifies, but upon no other.

Statements in the opinions of courts are called to our attention to the effect that the limit of cross-examination is discretionary with the trial court, but it is only discretionary without the limits of the right of the party against whom a witness is called to a full and fair cross-examination of him upon the subjects of his direct examination, and the right of the party in whose behalf he testifies to restrict his cross-examination to the subjects of his direct examination. This question has repeatedly received the studious and thoughtful consideration of this court (Mine & Smelter Supply Co. v. Parke & Lacey Co., 107 Fed. 881, 884, 47 C. C. A. 34, 36; Sauntry v. United States, 117 Fed. 132, 135, 55 C. C. A. 148, 151; Kansas City Star Co. v. Carlisle, 108 Fed. 344, 364, 47 C. C. A. 384, 404), and it adheres to the conclusion that the true rules and the reasons for them are stated in Resurrection Gold Mining Co. v. Fortune Gold Mining Co., 129 Fed. 668, 674, 64 C.

C. A. 180, 186, in substantially these words: A fair and full cross-examination of a witness upon the subjects of his examination in chief is the absolute right, and not the mere privilege, of the party against whom he is called, and a denial of this right is a prejudicial and fatal error. It is only after this right has been substantially and fairly exercised that the allowance of cross-examination becomes discretionary with the trial court. Gilmer v. Higley, 110 U. S. 47, 50, 3 Sup. Ct. 471, 28 L. Ed. 62; Chandler v. Allison, 10 Mich. 460, 473; Heath v. Waters, 40 Mich. 457, 471; Sperry v. Moore's Estate, 42 Mich. 353, 361, 4 N. W. 13; Martin v. Elden, 32 Ohio St. 282, 287; Wilson v. Wagar, 26 Mich. 452, 456, 458; Reeve v. Dennett, 141 Mass. 207, 6 N. E. 378; Taggart v. Bosch (Cal.) 48 Pac. 1092, 1096; New York Iron Mine v. Negaunee Bank, 39 Mich. 644, 660; Jackson v. Feather River W. Co., 14 Cal. 19, 24; Wendt v. Chicago, St. P., M. & O. Ry. Co., 4 S. D. 476, 484, 57 N. W. 226.

The converse of this rule is equally controlling. The party on whose behalf a witness is called has the right to restrict his cross-examination to the subjects of his direct examination, and a violation of this right is reversible error. If the cross-examiner would inquire of the witness concerning matters not opened on the direct examination, he must call him on his own behalf. Railroad Company v. Stimpson, 14 Pet. 448, 460, 10 L. Ed. 535; Houghton v. Jones, 1 Wall. 702, 706, 17 L. Ed. 503; O'Connell v. Pennsylvania Co., 118 Fed. 989, 991, 55 C. C. A. 483; Moxie Nerve Food Co. v. Beach (C. C.) 35 Fed. 466; Woods v. Faurot, 14 Okl. 171, 175, 77 Pac. 346; Montgomery v. Ætna Life Ins. Co., 97 Fed. 913, 916, 38 C. C. A. 553, 557; Safter v. United States, 87 Fed. 329, 330, 31 C. C. A. 1, 2; Mine & Smelter Supply Co. v. Parke & Lacey Co., 107 Fed. 881, 884, 47 C. C. A. 34, 36; McCrea v. Parsons, 112 Fed. 917, 919, 50 C. C. A. 612, 614; Merchants' Life Ass'n v. Yoakum, 98 Fed. 251, 260, 39 C. C. A. 56, 65; Sauntry v. United States, 117 Fed. 132, 135, 55 C. C. A. 148, 151; Goddard v. Crefield Mills, 75 Fed. 818, 820, 21 C. C. A. 530, 532; 1 Greenleaf, Ev. § 445; 8 Enc. of Pl. & Prac. 104; Hopkinson v. Leads, 78 Pa. 396; Fulton v. Bank, 92 Pa. 112, 115; People v. Edwards, 139 Cal. 527, 73 Pac. 416; People v. Keith, 136 Cal. xix, 68 Pac. 816; Stevens v. Walton, 17 Colo. App. 440, 68 Pac. 834, 835; People v. McLean, 135 Cal. 306, 67 Pac. 770, 771; Acklin v. McCalmont Oil Co., 201 Pa. 257, 50 Atl. 955, 956; State v. Hawkins, 27 Wash. 375, 67 Pac. 814; Bowsher v. Chicago, B. & Q. R. Co., 113 Iowa, 16, 84 N. W. 958, 960; Missouri Pac. R. Co. v. Fox, 60 Neb. 531, 83 N. W. 744, 752; Boucher v. Clark Pub. Co., 14 S. D. 72, 84 N. W. 237, 240; Stubbings v. Curtis, 109 Wis. 307, 85 N. W. 325, 327; Lake Erie & W. R. Co. v. Miller, 24 Ind. App. 662, 57 N. E. 596, 598; State v. Savage, 36 Or. 191, 60 Pac. 610, 615, 61 Pac. 1128; Baker v. Sherman, 71 Vt. 439, 46 Atl. 57, 62; Pennsylvania Co. v. Kennard Glass & Paint Co., 59 Neb. 435, 81 N. W. 372, 376, 377; Posch v. Southern Electric R. Co., 76 Mo. App. 601; People v. Dole, 122 Cal. 486, 55 Pac. 581, 585, 68 Am. St. Rep. 50; State v. Ballou, 20 R. I. 607, 40 Atl. 861, 862; Fisher v. Porter, 11 S. D. 311, 77 N. W. 112, 114; State Bank v. Waterhouse, 70 Conn. 76, 38 Atl. 904, 908, 66 Am. St. Rep. 82; East Dubuque v. Burhyte, 173 Ill. 553, 50

N. E. 1077, 1078; Ernst v. Estey Wireworks Co., 21 Misc. Rep. 68, 46 N. Y. Supp. 918, 920; Thalheim v. State, 38 Fla. 169, 20 South. 938, 946; Devine v. Railway Co., 100 Iowa, 692, 69 N. W. 1042; Crenshaw v. Johnson, 120 N. C. 270, 26 S. E. 810.

The reason of the rule is that a witness during his cross-examination is the witness of the party who calls him, and not the witness of the party who cross-examines him. Wilson v. Wagar, 26 Mich. 457, 458; Campau v. Dewey, 9 Mich. 417, 418. The cross-examiner has the right to bind his opponent by the testimony of the witness upon cross-examination relative to every subject concerning which his opponent examined him in the direct examination, but he has no right to bind his opponent by the testimony of the witness during the cross-examination upon subjects relative to which his opponent did not inquire. If the cross-examiner would investigate these subjects by the testimony of the witness, he may, and he must, make him his own witness and stand sponsor for the truth of his testimony. It is discretionary with the court to permit the cross-examiner to do this at the time he is conducting the cross-examination, because the time and the manner of the trial are within the discretion of the court. It is discretionary with the trial court to permit leading questions to be put to a hostile witness upon his direct examination. But the line of demarcation which limits a rightful cross-examination is clear and well defined, and it rests upon the reason to which attention has been called. It is the line between subjects relative to which the witness was examined upon the direct examination and those concerning which he was not required to testify. It exists because within that line the party who calls the witness stands sponsor for the truth of his testimony, while without that line he does not. It does not vary, at the discretion of the court, with any convenience or necessity of court or counsel, because no convenience or necessity can be conceived of which would not enable the cross-examiner to make the witness his own, and because to subject the rule to the discretion of court or counsel is to abrogate it.

The impeaching questions asked the defendant, and the involuntary confession introduced to contradict his answers, were beyond the limits of legal cross-examination of him, or of any other witness in his situation, because they did not relate to the subjects of his direct examination, and because they were not germane to any fact which the prosecutor was entitled to prove as a part of his case. Hence the defendant did not waive his constitutional and statutory right to refuse to testify concerning the statements in his confession, and the propounding of the questions concerning them, and the introduction of the involuntary confession, were violations of that right.

Was it error for the trial court to permit the introduction before the jury in the prosecutor's case of the testimony upon the question whether or not the confession was free and voluntary? It was not the province of the jury to consider or determine that issue. It was the duty of the court alone to hear and decide it. The burden was upon the prosecutor to prove to the court that the confession was voluntary, that it was not influenced by compulsion, hope, fear, or other inducement of any sort, and, if the evidence failed to establish that fact beyond a

reasonable doubt, it was the duty of the court to reject the confession. Bram v. United States, 168 U. S. 532, 555, 565, 18 Sup. Ct. 183, 42 L. Ed. 568; Reg. v. Warringham, 2 Den. C. C. 447n; Reg. v. Thompson, 2 Q. B. 12. Every accused person has the right to the exclusion of his confession until this proof and decision are made. It is clear that the proof upon the question whether the confession is voluntary or involuntary, which generally consists of the examination and cross-examination of witnesses, cannot be presented without detailing much of the substance and some of the contents of the confession, or, if the confession is in fact incompetent, without the practical introduction of the incompetent confession in evidence before the jury in order to determine its incompetency. This was done in the case in hand. Such a practice is nothing but a farcical evasion of the rule of evidence and of the constitutional guaranty which exclude an involuntary confession. A decision that such a confession is incompetent and inadmissible is of little avail to a defendant after officers of the law have testified to the method of its procurement and to much of its contents, and the only rational way to protect and enforce the rights of the accused is to exclude from the jury all the evidence relative to the competency of the confession, at least until the court has found it competent.

Many other errors are alleged, but sufficient has been said to show that the case must be again tried, and it is useless to consider other questions.

The conclusions are, an involuntary confession of an accused person, incompetent to prove the case of the prosecution in chief, is incompetent to impeach the accused after he has testified in his own behalf upon other subjects only: First, because such a confession is unworthy of belief; and, second, because its introduction would violate the constitutional guaranty that the accused shall not be compelled to testify against himself.

The question whether or not the accused made the confession, or any part of it, asked him on cross-examination, to lay the foundation for impeachment by proof of contradictory statements in the confession, is not competent cross-examination where the accused has not testified regarding it, because it is not germane to the subjects of his direct examination, and because the prosecutor could not prove the statements in the confession as a part of his case in chief. It is the duty of the court to determine whether or not an alleged confession was voluntary or involuntary, and it is error to permit the introduction of the evidence upon that question before the jury.

The judgments below must be reversed, and the case must be remanded to the proper court with instructions to grant a new trial, and it is so ordered.


ADAMS, Circuit Judge (specially concurring). The question discussed in the foregoing opinion concerning the limitation upon the right of cross-examination of a witness is not new to this court. In the cases of Resurrection Gold Min. Co. v. Fortune Gold Min. Co., 129 Fed. 668, 64 C. C. A. 180, and Balliet v. United States, 129 Fed. 689, 64 C. C. A. 201, the judges then sitting entertained and expressed different opin-

ions concerning it. The writer of the main opinion in the first-mentioned case declared that:

"The party on whose behalf the witness is called has the right to restrict his cross-examination to the subjects of his direct examination, *and a violation of this right is reversible error.*"

The majority of the sitting judges in separate opinions showing careful research and consideration disapproved of that pronouncement, and particularly of that portion of it underscored to the effect that to violate the right "is reversible error." It is only that part of the foregoing opinion which repeats and reaffirms that declaration to which I am unable to give my assent. I am unwilling to overrule the judgment of the majority on that question, for two reasons: First, because I think, for the reasons stated by them, they were right in holding that in the matter of cross-examining a witness a reasonable discretion should, in the interest of a practical and effective administration of justice, be accorded to the trial judge, and should be reviewable and reversible only in case of its prejudicial abuse; and, second, because the question is at best a matter of practice, which, having been once settled, should not be disturbed except for some commanding reason which does not now appear.