GODDARD et al. v. CREFIELD MILLS.

(Circuit Court of Appeals, Second Circuit. July 29, 1896.)

1. CONTRACT—REASONABLE TIME—EVIDENCE.
    Where a contract provides that it shall be performed within a reasonable time, what such time is may be shown either by the opinion of experts, or by evidence of acts of the parties tending to show what period of time was contemplated.

2. TRIAL—ORDER OF EVIDENCE.
    After plaintiffs have given their evidence in rebuttal, and the case is closed by both sides, a witness cannot be recalled by defendants to give evidence which might have been offered when he was first called.

3. CROSS-EXAMINATION OF WITNESS.

Matters of defense not referred to in the original examination of one of plaintiff's witnesses cannot be brought out by defendant on his cross-examination.

4. ADMISSIONS BY EMPLOYE.

A salesman has no authority to make admissions as to matters which are not within the scope of his employment, nor actually pending at the time.

5. FOREIGN CORPORATIONS—NECESSITY OF CERTIFICATE.

Laws N. Y. 1892, c. 687, § 15, provides that no foreign corporation shall do business in the state after December 31, 1892, without first procuring a certificate from the secretary of state, though any lawful contract previously made may be enforced after such date, and that no such corporation shall sue upon any contract made by it in the state until it shall have procured such certificate. *Held*, that a contract made by such a corporation doing business in the state, without a certificate, after the date named, was not void, but the remedy thereon was suspended merely till the certificate was procured. Crefield Mills v. Goddard. 69 Fed. 141, affirmed.

Error from the Circuit Court of the United States for the Southern District of New York.

Action by the Crefield Mills against Warren N. Goddard and another. There was a judgment for plaintiff (69 Fed. 141), and defendants bring error.

This case comes here on a writ of error to review a judgment of the circuit court, Southern district of New York, entered upon the verdict of a jury in favor of defendant in error, who was plaintiff below. The action was brought to recover for damages by plaintiff, a Connecticut corporation, by reason of the failure of the defendants to take certain goods under a contract pursuant to which plaintiff was to manufacture and sell to the defendants 5,000 pieces of cotton goods. By the terms of this contract, defendants were to select the pattern out of samples submitted to them, and thereafter were to give weaving orders, and subsequently dyeing orders, whereupon plaintiff was to manufacture and deliver the goods. The defendants contended that it was also agreed upon, as a part of the contract, that plaintiff should not make for or sell to any one else, during the pendency of the contract, any goods like the goods to be manufactured for defendants, and that plaintiff broke the contract in that particular. There was a conflict of proof as to whether the contract contained any such agreement, and whether, if it did, plaintiff broke it. The verdict of the jury being in favor of plaintiff, little is presented upon this writ of error, except alleged errors in the admission or exclusion of testimony.

Abraham Gruber and Joseph H. Choate, for plaintiffs in error.

William B. Hornblower, for defendant in error.

Before LACOMBE and SHIPMAN, Circuit Judges, and TOWNSEND, District Judge.

LACOMBE, Circuit Judge (after stating the facts). 1. It is assigned as error that the court refused to allow the witness Pope to give his opinion, as an expert, as to "what would be a reasonable time for the performance of the contract." The complaint averred that the respective parts of the contract were to be performed at and within reasonable times, respectively,—an averment denied by the answer. It was part of the plaintiff's case, therefore, to prove that the contract did contain such a clause, and also what a reasonable time really was. This last could be shown either by the opinion of experts, or by show-

ing acts of the parties tending to show what period of time they con-templated.    Plaintiff pursued the latter course, and rested.   There-upon defendants proceeded with their case.    In the course of it, their principal witness, one of the defendants, who was undoubtedly an ex-pert, was cross-examined on that branch of the case; the specific ques-tion being put to him, "What do you call a reasonable time?" and the same query propounded in different forms.    The defendants having rested, plaintiff proceeded in rebuttal, but called no expert as to what was a reasonable time.    Thereupon, the case being finally closed by both sides, defendants recalled the witness Pope, whom they had once examined, and offered to show by him "what would be a reasonable time."   The record contains no excuse for this belated tender of evi-dence, which defendants had had abundant opportunity to introduce in its proper place, and the court quite rightly refused to open the case to let it in.

2. It is assigned as error that a question asked upon the cross-ex-amination of the witness McColl was excluded.    Under the pleadings, plaintiff had only to prove the contract as it understood it, and to show the breach of it by defendants.    It would have been improper for plaintiff, at that stage of the case, to have gone into any matter of defense.    The alleged furnishing of like goods to other dealers was a matter of defense, and properly to be opened by defendants when their case was put in.    McColl was the first and only witness called by plaintiff to establish the affirmative of the issues tendered by the complaint.    He was cross-examined at length upon matters germane to his direct evidence.    Defendants' counsel then put this question: "Q. I hand you two pieces of goods, and ask you to state whether they are made of cotton, each of them?"    This was objected to as irrele-vant and immaterial, whereupon defendants' counsel stated that it was his object to show, in aid of the defense, that "at the very time plaintiff took our order they were making the same kind of goods for a competitor."    The court thereupon ruled: "All that is matter of your defense.   You may recall him for further examination when you enter upon your defense."    At the special request of defendants' coun-sel, the court allowed the witness, before leaving the stand, to identify some samples of goods as made by the Crefield Mills; and after a few more questions, the witness having plaintiff's order book in his hand, defendants' counsel endeavored to introduce proof of their defense by this question: "Q. Is there any order in that book for surface cloths received from anybody else than Goddard & Sons during 1892 and 1893?"    This question was objected to as incompetent and irrelevant. Certainly, under the former ruling it was irrelevant to the issues then being inquired into.    The record states that the question was exclud-ed, but does not say on what ground.    It was manifestly properly ex-cluded on the ground already stated by the court.

3. It is assigned as error that the court struck out part of the testi-mony of defendant Frederick N. Goddard.    This witness testified as to a conversation he had in December, 1893, with one A. H. Broad-way, as follows:

"Mr. Broadway asked us to complete it [the contract], and I said that we could not complete it, because the company had sold goods that were

like ours, and in contravention of our contract with them, to other people; *and Mr. Broadway said that, while that was so, that they had done it after the term of our contract had expired, and, as he stated it, after June 30th."*

The court struck out the italicized part of this excerpt. It was plainly hearsay, and, since Broadway was merely the plaintiff's salesman, his alleged "admissions" as to matters not within the scope of his employment, and not made in regard to a transaction then depending et dum fervet opus, were inadmissible against the plaintiff.

The two remaining objections to the exclusion and admission of evidence are too frivolous to merit discussion. And inasmuch as the court charged the jury fully on the whole case, and strongly in defendants' favor, it was not error to refuse the particular request that the "acceptance of dyeing orders in October and December, 1893, was evidence bearing on the question whether plaintiff considered the contract alive." Railroad Co. v. Whitton's Adm'r, 13 Wall. 270.

The only remaining assignment of error is the failure of the court to dismiss the complaint on the ground that the contract on which the action is based was made in violation of law, in view of the provisions of section 15 of chapter 687 of the Laws of 1892 of the State of New York. This point was carefully considered by the circuit judge in denying the motion for a new trial. In his opinion, reported in 69 Fed. 141, we fully concur. The judgment of the circuit court is affirmed.