## KAPUAHOONANI KEKOA, KAMANA IONA, THOMAS IONA, CHARLES IONA AND MANUEL KUHIO v. MARK P. ROBINSON, CAROLINE J. ROBINSON, MARY E. FOSTER, VICTORIA WARD, BATHSHEBA M. ALLEN, MATILDA A. FOSTER, ANNIE JAEGER, LUCY McWAYNE, REBECCA ROBINSON AND A. N. CAMPBELL, TRUSTEE.

EXCEPTIONS FROM CIRCUIT COURT, FIRST CIRCUIT.

ARGUED JUNE 13, 1911.                    DECIDED JUNE 30, 1911.

ROBERTSON, C.J., PERRY AND DE BOLT, JJ.

TRIAL—*cross-examination—matter of defense—direction of verdict.*

Evidence, in support of an affirmative defense, improperly admitted on cross-examination of one of plaintiff's witnesses during his case in chief cannot, at the close of the plaintiff's case, be made the basis of a directed verdict.

OPINION OF THE COURT BY DE BOLT, J.

This was a statutory action to quiet title to a parcel of land situate at the north corner of King and Liliha streets, in Honolulu, being a portion of the premises described in L. C. A. 6236, in which the plaintiffs claim an undivided one-eighteenth interest in fee simple as tenants in common with the defendants, the actual possession of the land, however, being in the defendants.

At the trial the plaintiffs called Mr. Mark P. Robinson, one of the defendants, as a witness, and having examined him in chief upon matters pertinent to the plaintiffs' case, the witness was then permitted, on cross-examination, over the objection of the plaintiffs, to testify concerning certain facts not involved in the subject of the examination in chief, which counsel for the defendants claimed, and the court below held, showed title by adverse possession in the defendants. This was error. Adverse possession is an affirmative defense and the defendants should not have been permitted to interject it into the plain-

tiffs' case.    8 Ency. Pl. & Pr. 106, 107; *Goddard* v. *Crefield Mills,* 75 Fed. 818, 820; *McCrea* v. *Parsons,* 112 Fed. 917, 919; *Da Lee v. Blackburn,* 11 Kan. 150 (*190), 159 (*202). If, however, the case had been permitted to go to the jury on full proofs, or with that opportunity, the error, perhaps, would have been harmless.    But instead of pursuing that course the defendants, at the close of the plaintiffs' case, moved for a directed verdict on the grounds, first, that it affirmatively appeared from the evidence adduced by the plaintiffs that the defendants had title by adverse possession; and, second, that the plaintiffs had failed to establish the fact that they had any interest in the land.    The court granted the motion on the first ground stated and instructed the jury to return a verdict for the defendants, and a verdict was returned accordingly.    The motion was without merit and should have been denied.    The plaintiffs excepted to the ruling of the court in directing the verdict on the ground stated and on the further ground that the defendants had put on no evidence.    They also excepted to the verdict.    The plaintiffs bring the case here on exceptions.

It will be observed that we are not dealing with a case where the evidence has been improperly admitted out of its order on cross-examination and both parties thereafter having had the opportunity to present and submit all their evidence to the jury. In a case such as here alluded to, one in which the improper admission of the evidence had not resulted injuriously to the party objecting, the only question involved being merely that of the order of proof, there is no question but that the latitude allowed on cross-examination is largely a matter of discretion with the trial judge, and that the appellate court will not interfere unless that discretion has been oppressively abused.    In the case at bar, the evidence was not only improperly admitted, but the court, declining to permit the case to go to the jury, directed a verdict for the defendants, thereby cutting off the plaintiffs' right as well as the opportunity to rebut the evidence of adverse possession brought out by the defendants on the

cross-examination of Mr. Robinson. This was not only error, but it was prejudicial to the plaintiffs. They had the right to submit the question of adverse possession to the impartial consideration of the jury, unless the undisputed facts showed adverse possession in the defendants as matter of law. But the evidence which was claimed to show adverse possession having been admitted out of its proper order, it should not have been used as a basis for the directing of a verdict for the defendants. *Booth* v. *Beckley,* 11 Haw. 518, 521; *Ahmi* v. *Waller,* 15 Haw. 497, 501; *Hughes* v. *Westmoreland Coal Co.,* 104 Pa. St. 207, 213; *Sullivan* v. *R. R. Co.,* 175 Pa. St. 361, 365.

The exceptions to the granting of the motion and the ruling of the court in directing a verdict for the defendants, as well as the exception to the verdict, are sustained. In view of the conclusion reached on the exceptions discussed it will not be necessary to consider the other exceptions.

The verdict is set aside and the plaintiffs are granted a new trial.

*T. M. Harrison* (*W. C. Achi* with him on the brief) for plaintiffs.

*E. C. Peters* for defendants.