## LAZARUS et al. v. NEW YORK CENT. R. CO.

(Circuit Court of Appeals, Second Circuit. April 28, 1924.)

No. 242.

1. Carriers ⬦106.—Reasonable time for delivery of shipment held question of law.

Where the facts were not in dispute, what constituted reasonable time for delivery of shipment by railroad to the consignee *held* a question of law.

2. Carriers ⬦160—Action for nondelivery of shipment held barred by limitation in bill of lading.

Where a railroad bill of lading for a single shipment required an action for nondelivery to be brought within 2 years and 1 day after reasonable time for delivery had elapsed, an action brought 2 years and 40 days after part of the shipment had been delivered *held* barred.

In Error to the District Court of the United States for the Southern District of New York.

⬦For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Action at law by Samuel O. Lazarus and others, partners as Lewis Lazarus & Sons, against the New York Central Railroad Company. Judgment for defendant, and plaintiffs bring error. Affirmed.

This case was before us in 278 Fed. 900, where all the facts are recited. On this second trial plaintiff asked to submit to the jury the question whether two years had elapsed before action brought, and after the expiration of a reasonable time for the delivery of the goods lost or stolen while in the custody of defendant. The trial judge denied this motion, and granted defendant's request for a directed verdict; thereupon plaintiffs took this writ.

Harrington, Bigham & Englar, of New York City (Arthur W. Clement, of New York City, of counsel), for plaintiffs in error.

Alex. S. Lyman, of New York City (William Mann, of New York City, of counsel), for defendant in error.

Before ROGERS, HOUGH, and MANTON, Circuit Judges.

PER CURIAM. Plaintiff's goods were delivered by the carrier defendant short on August 21, 1917. This action was begun September 29, 1919. The only question at bar is whether the trial court erred in refusing permission for the jury to declare whether a reasonable time for the delivery of the goods missing had or had not expired before September 29, 1917.

[1] We held in First National Bank v. Pipe, etc., Co., 273 Fed. 105, that where the facts are clearly established, or are undisputed on admitted, reasonable time is a question of law, and therefore to be decided by the court. Of course, there are circumstances when the answer to the query of reasonable time depends upon conflicting facts, and even conflicting opinions. For an example, see Goddard v. Crefield Mills, 21 C. C. A. 530, 75 Fed. 818.

In this case there are no disputed facts at all. Indeed, the only thing unknown in the whole story as told in our previous decision is how, when, and where plaintiff's goods disappeared from the carrier's custody. Under such circumstances it was for the court to say when the reasonable time expired, and when, therefore, the two-year period of limitation began to run. In the case first above cited we pointed out that to call the determination of such a question a matter of law is not, perhaps, strictly logical, but it is at all events thoroughly understood.

[2] We agree with the trial judge that a reasonable time for the delivery of these goods expired more than two years prior to the institution of action. Therefore the judgment is affirmed, with costs.