68 U.S. 702
 17 L.Ed. 503
 1 Wall. 702
 HOUGHTON
v.
JONES.
 December Term, 1863
 
 THIS was a writ of error to the Northern District of California; the case being thus:
 By the act of Congress of March 3, 1851, 'to ascertain and settle the private land claims in the State of California,' it is provided, 'that each and every person claiming lands in California, by virtue of any right or title derived from the Spanish or Mexican government, shall present the same to the commissioners,' &c., who are directed to examine into and 'decide upon the validity of the said claim.' And it is further declared that 'all lands, the claims to which shall not have been presented to the said commissioners within two years after the date of the act, shall be deemed, held and considered as part of the public domain of the United States.'
 With this act in orce, Mrs. Jones brought ejectment, in 1860, against Houghton and another, for land in Contra Costa County, in the State of California. She deraigned title from the Mexican government, through a grant issued in August, 1841, by Juan B. Alvarado, then Governor of the Department of California, and by sundry mesne conveyances from the grantees. It did not appear on the trial below that the grant had ever been laid before the Board of Commissioners, as required by the act above quoted, or in any way passed on by it. But no objection was made on the trial to the grant from this want of presentation to the board, or consideration by it.
 One of the conveyances through which the plaintiff, Mrs. Jones, claimed was read in evidence, on proof of its execution, certified by a notary public. It is necessary, in that connection, to mention that a statute of California, 'concerning conveyances,' approved April 16th, 1850, contains the following enactments:[1]
 'SECTION 4. The proof or acknowledgment of every conveyance affecting any real estate shall be taken by some one of the following officers: 1. If acknowledged or proved within this State, by some judge or clerk of a court having a seal, or some notary public or justice of the peace of the proper county. . . ..
 'SECTION 29. Every conveyance, or other instrument conveying or affecting real estate, which shall be acknowledged, or proved and certified, as herein[2] prescribed, may, together with the certificate of acknowledgment or proof, be read in evidence without further proof.' The subscribing witness to the deed thus read was in court, and had been examined by the plaintiff about certain matters, but not about the execution of the deed. The defendant proposed to cross-examine him upon such execution, which the court would not allow him to do; deciding that if he wished to examine the witness at all upon a point not raised in the examination-in-chief, he must call him anew, and so make him his own witness.
 The plaintiff having had judgment, and the defendant having sued out a writ of error, three questions were now here made; the first question having been raised on the argument in this court for the first time in the case.
 1. Whether this want of presentation of the grant at any time to the Board of Commissioners was fatal to it?
 2. Whether the deed was properly acknowledged by the laws of California.
 3. Whether the court rightly refused to let the defendant cross-examine the witness in the circumstances stated.
 
 Mr. Carlisle, for plaintiff in error:
 
 I. The language of the statute of March 3, 1851, being express, it is indispensable that the grant should have been presented within two years after the date of the act. More than two years had passed before this suit brought. No averment of any presentation is made. No presumptions can be made to supply that which is a prerequisite of the case, an indispensable link in the title. The land is, of course, part of the public domain.
 II. The statute does not dispense with calling the subscribing witness. The point has not yet been decided. Its language is perhaps not entirely plain.
 III. The rule is not universally adopted that a right to cross-examine is limited to matters comprised in the examination-in-chief. In some States it prevails; in some it does not. The rule has not been so settled for California.
 Mr. Hepburn, contra.
 Mr. Justice FIELD delivered the opinion of the court.
 
 
 1
 This is an action of ejectment to recover the possession of certain real property situat d in the County of Contra Costa, in the State of California. The plaintiff below, the defendant in error in this court, deraigned her title from the Mexican government, through a grant issued in August, 1841, by Juan B. Alvarado, then Governor of the Department of California, and sundry mesne conveyances from the grantees. It does not appear from the record that the grant was ever confirmed by the Board of Land Commissioners appointed under the act of March 3d, 1851, for the investigation of titles to land in California derived from the Spanish and Mexican governments, or was ever presented to the board for its consideration; and it is the absence of any averment in these particulars which constitutes the first ground urged by the counsel of the plaintiffs in error for a reversal of the judgment. His position is, that under the act of March 3d, 1851, if the grant were not presented within the period there designated, which period had expired when this action was commenced, the land was to be deemed a part of the public domain, and that no presumption is to be indulged in respect to such presentation in the absence of any averment on the subject. It is a sufficient answer to this position, that it does not appear from the record to have been urged in the court below. It may be that the objection was not taken from the knowledge of the parties that the grant had been confirmed, and that proof of the fact could be readily produced. Objections of this kind cannot be heard for the first time in the appellate court. To entitle objections to consideration here, they must be presented to the court below in the first instance, at least if they are of a kind which might have been there obviated.
 
 
 2
 Of the intermediate conveyances from the grantees, through which the plaintiff below traced her title, one was produced and read in evidence, upon proof of its execution by one of the grantors, furnished by the certificate of a notary public. Objection was taken to the sufficiency of this proof, counsel contending that the execution should have been proved by calling the subscribing witness. The objection is answered by the statute of Claifornia, which expressly provides for the admission in evidence of conveyances of real property when verified by certificates of acknowledgment or proof of the execution by the grantors before certain officers.[3]
 
 
 3
 It appears that the subscribing witness to the deed introduced was present in court during the trial, and was examined with reference to certain matters, but not touching the execution of the deed. The defendant thereupon claimed the right to cross-examine him with reference to such execution. The court held that the defendant must, for that purpose, call the witness, and could not properly make the inquiry upon the cross-examination. In this particular the ruling of the court below was correct. The rule has been long settled, that the cross-examination of a witness must be limited to the matters stated in his direct examination. If the adverse party desires to examine him as to other matters, he must do so by calling the witness to the stand in the subsequent progress of the cause.[4]
 
 
 4
 JUDGMENT AFFIRMED.
 
 
 
 [1]
 First subdivision of §§ 4 and 29.
 
 
 [2]
 The word in the statute as printed is 'hereinafter;' but that word makes no proper sense in connection with the subsequent parts of the law; and the Supreme Court of California has declared that thus printed it is either an error of the press or a copy of an erroneous enrolment; that the word should be 'herein,' as I have given it in the text. Mott v. Smith (16 California, 522).
 
 
 [3]
 Act of California concerning conveyances, of April 16, 1850, §§ 4 and 29.
 
 
 [4]
 Philadelphia and Trenton Railroad v. Stimpson, 14 Peters, 461; 1 Greenleaf on Evidence, 445.