MOXIE NERVE-FOOD Co. *v.* BEACH *et al.*

(*Circuit Court, D. Massachusetts.* July 2, 1888.)

WITNESS—PRIVILEGE—TRADE SECRETS.

Where a witness for plaintiff testifies, on direct examination, only as to the uses and effects of "Moxie," or "Moxie Nerve Food," he cannot on cross-examination be required to disclose the particular ingredients of that preparation, that being a trade secret, the disclosure of which would injure plaintiff's business.

In Equity.

COLT, J. Under the rule which prevails in the United States courts limiting the right of cross-examination of a witness to the matters stated

in his direct examination, (*Railroad Co.* v. *Stimpson*, 14 Pet. 448, 461; *Houghton* v. *Jones*, 1 Wall. 702, 706,) I do not think the proposed questions to Dr. Thompson are admissible. The witness was asked in his direct examination as to the uses and effects of Moxie, or Moxie Nerve Food, for the terms are used interchangeably, but he was not asked as to the particular ingredient of Moxie, what it was, or the place or source from which it came. In spite of the contention of defendants' counsel to the contrary, it seems to me that this may fairly be considered the limit of the inquiry by the counsel for complainant. But aside from this, I have grave doubt whether the witness can be obliged, under the circumstances existing in this case, to disclose what is evidently a trade secret, the result of which might be to ruin his business. I have examined with care the briefs of counsel, and it must be admitted that the question is not free from difficulty. I am strongly impressed, however, that it would be inequitable to force the witness to make the disclosures called for, and therefore, unless bound by authority, I must deny the motion. The defendants have failed to produce any authorities in their favor upon the exact point in issue. The complainant supports its position by reference to the case of *Tetlow* v. *Savournin*, 15 Phila. 170, 11 Wkly. Notes Cas. 191, where a rule for attachment against the plaintiff for his refusal to answer what ingredients his goods were composed of was dismissed. The counsel for the plaintiff in that case urged that the whole commercial value of such proprietary manufacturers depends upon secrecy as to their composition, and protested against depriving a man of his property by such a proceeding as this. If these questions must be answered, every manufacturer will be at the mercy of any one who desires to extort from him an account of his process, for an attempt to restrain an infringer would result in the disclosure of all that makes the invention valuable. The case was heard before Judge MITCHELL and Judge HARE. It seems to me that the arguments urged in *Tetlow* v. *Savournin* against the right of the defendant to oblige the witness to make disclosure are sound, and are applicable to the present case. Motion dismissed.