FERRY–HALLOCK CO. v. ORANGE HAT BOX CO.

(Circuit Court, D. New Jersey. June 2, 1910.)

1. WITNESSES (§ 269*)—CROSS-EXAMINATION—SCOPE.
      Cross-examination must be confined to the subjects of the direct examination, and, if the cross-examiner desires to examine as to other matters, the proper practice is to make the witness his own at the proper time in presenting his own case.
      [Ed. Note.—For other cases, see Witnesses, Cent. Dig. §§ 949–954; Dec. Dig. § 269.*]

2. EVIDENCE (§ 558*)—EXPERTS—CROSS-EXAMINATION—SUBJECTS.
      Where, in a suit for patent infringement with reference to hat-packing rings, a witness was asked to give his opinion as to whether complainant's exhibit embodied the invention referred to in the several claims of the patent in suit, and he answered, "The title to the patent in suit is 'Hat-Packing Rings'"; that such rings were placed between the hats in such a manner that the ring surrounds the crown and supports the brims of the hats "as, for example, as shown in the patent to F. P. Ferry, No. 444,343, of January 6, 1891"—the witness' reference to the Ferry patent was insufficient to authorize his cross-examination as to the prior art.
      [Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 2377, 2379; Dec. Dig. § 558.*]

3. EVIDENCE (§ 558*)—EXPERTS—CROSS-EXAMINATION—SCOPE.
      In a suit for patent infringement, an expert was asked as to the experience which qualified him to testify as an expert in patent cases, and particularly with reference to the art involved, and answered, among other things, that during his practice he had been called on to examine

and had worked on machines using pasteboard. such as machines for making pasteboard insulating tubing. mailing tubes, seed boxes, and paper boxes in general. *Held,* that such answer was insufficient to justify his further cross-examination by calling his attention to a particular patent claimed by defendant to have anticipated complainant's invention and then to have asked him to state whether such patent illustrated a machine of substantially the same type and character as the machine on which he worked.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 2377, 2379; Dec. Dig. § 558.*]

4. EVIDENCE (§ 558*)—EXPERTS—CROSS-EXAMINATION—SCOPE.

While defendant is entitled to searchingly examine the witness as to his expertness and to require him to testify with reference to machines that he had examined and on which he had worked, defendant could not, under the guise of cross-examination. require him to make a comparison of such machines and give his opinion with reference to certain alleged anticipatory patents.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 2377, 2379; Dec. Dig. § 558.*]

5. WITNESSES (§ 269*)—CROSS-EXAMINATION.

Where defendant's counsel attempted to encroach on the rule that cross-examination must be limited to the matters disclosed on direct examination and attempted to construct his defense under the guise of cross-examination, the court properly exercised its discretion in requiring strict compliance with the rule.

[Ed. Note.—For other cases, see Witnesses, Cent. Dig. §§ 949–954; Dec. Dig. § 269.*]

6. WITNESSES (§ 269*)—CROSS-EXAMINATION—SCOPE.

As a party offering a witness stands sponsor for his credibility and is generally bound by what he may say both on direct and cross-examination. and, being so bound. may call the witness for a particular purpose, his adversary has no right to examine him generally.

[Ed. Note.—For other cases, see Witnesses, Cent. Dig. §§ 949–954; Dec. Dig. § 269.*]

In Equity. Suit by the Ferry-Hallock Company against the Orange Hat Box Company for infringement of letters patent No. 574,894. On motion to compel witness to answer questions. Denied.

Louis M. Sanders, for the motion.
Gifford & Bull, opposed.

RELLSTAB, District Judge. The unanswered questions were asked on cross-examination of Oscar F. Gunz and Lee T. Hallock, two of the complainant's witnesses. The right to have such questions answered depends not upon their competency, materiality, or relevancy, but whether they were within the scope of cross-examination.

Cross-examination must be confined to the subjects of the direct-examination, and, if the cross-examiner desires to examine as to other matters, the proper practice is to make the witness his own at the proper time in presenting his own case. Aeolian Co. v. Standard Music Roll Co. et al. (C. C.) 176 Fed. 811. The witness Gunz was called as an expert for the complainant. Questions XQ 23, 60, and 61, admittedly relate to the prior art. Unless the prior art was opened on examination in chief, these questions are improper. In support of the motion, it is claimed that this witness referred to the prior art in

his answer to the fifth question, wherein he was asked to give his opinion as to whether complainant's exhibit "defendant's hat-packing rings" embodied the invention referred to in the several claims of the patent in suit. His answer, so far as it is pertinent to this inquiry, is:

"The title to the patent in suit is 'Hat-Packing Rings.' In packing hats, it is customary to place one above the other in the box, and for the purpose of holding the hats in proper position and to prevent their being jolted and knocked about during transportation, a hat-packing ring is placed between these two hats in such a manner that such a ring surrounds the crowns of the hat snugly and supports the brims of the hats, as, for example, as shown in the patent to F. P. Ferry, No. 444,343, of January 6, 1891. It will be seen that the edge of the hat-packing ring rests against the upper surface of the brim of the one hat, surrounds snugly the crown of this hat, and rests with its lower edge upon the under surface or under side of the brim of the hat next below, thereby holding the hats in proper position and relation."

It is the witness' reference to the Ferry patent, No. 444,343, that is made the basis for the cross-examiner's contention that the prior art was opened. The question did not call for the prior art, and the reference to the earlier patent was not by the way of comparison between its invention and that of the patent in suit. The witness was describing the way hat-packing rings were placed between the hats, and in illustration he used the drawing in the patent referred to. This is not opening the state of the art prior to the patent in suit.

XQ 65 and 67 are said to be based on answer to question 2. In question 2 the expert was asked as to the experience which qualified him to testify as an expert in patent causes, and particularly with respect to the art here involved. In his answer witness, inter alia, said:

"During my practice, I have been called upon to examine and do work on machines using pasteboard; for example, machines for making pasteboard insulating tubing, mailing tubes, seed boxes, and paper boxes in general."

XQ 65 and 67 call the witness' attention to the Barrett patent, No. 482,153, one of the patents which the defendant alleges as anticipating the complainant's invention, and call upon him to state whether such patent illustrates a machine of substantially the same type and character as the machine upon which he worked, as stated by him in answer to Q 2.

The defendant has a right to searchingly examine this witness as to his expertness, and to require him in so doing to state the machines that he said he had examined and worked and to describe them and the character of the work done; but he may not, under the guise of cross-examining him as to his expertness, require him to make a comparison of such machines with any of the anticipatory patents. These questions, as they are framed, go further than a mere testing of the witness' expertness; and it is evident from the line of examination in which they are found that the purpose of the cross-examiner was not so much to test the expertness of the witness as to obtain an opinion from him upon the state of the prior art. They, therefore, as well as the other three, cannot be sustained.

As to the questions asked the witness Hallock: These likewise were on subjects not considered on the direct examination, and are controlled by Aeolian Co. v. Standard Music Roll Co. supra. The fact that

this witness is the president of complainant and has sworn to the bill of complaint in this case does not alter the situation. While the court in the exercise of a sound discretion might permit of a more extended cross-examination of such a witness, yet it must be confined to the subjects examined in chief, and a testing of his credibility. He is not, as contended, "open to cross-examination upon every matter which may be material to the issues."

This witness was called and examined to prove: First, the character and extent of the use of the invention of the patent in suit by the complainant and its licensees; and, second, the kind of ring, called the Waring ring, which was held to be covered by the claims involved in the suit of Ferry v. Waring Hat Mfg. Co. (C. C.) 129 Fed. 389, in which the patent in suit was adjudicated and sustained.

The questions unanswered by this witness, nine in number, did not bear upon either of these subjects. XQ 34 had reference to hat rings which this witness is supposed to have manufactured 28 years prior. XQ 41 related to the purposes of the complainant's organization. XQ 49 referred to the scope of the Ferry patent of January 6, 1891, an earlier patent than the one in suit. XQ 55 sought to obtain the witness' understanding as to whether the claims of the patent in suit covered the Waring ring. XQ 71, 76, and 210 called for a comparison of the Hallock patents, Nos. 651,992 and 603,445. XQ 163 was as to whether witness had ever tried the making of rings on the Ferry machine without the use of the curling device. In XQ 230, witness was asked to pick out, from "Complainant's Exhibit Waring Rings," such as had the stamp on them. While several of these questions might perhaps be permitted without substantial invasion of the rights of the complainant, yet, in view of the evident purpose of the examining counsel to encroach upon such rights and to construct his defense under the guise of cross-examination, sound discretion requires that he should be held strictly within the rule.

Under equity rule 67, the party calling the witness must, in the first instance, be at the expense of taking the depositions, and this furnishes one reason, and in some cases one of considerable moment, why the cross-examination should be kept within the proper limits; but the chief reason, and one which is founded in principle, the maintenance of which is vitally essential in preserving the rights of litigants, is the one stated by me in Aeolian Co. v. Standard Music Roll Co., supra, viz.:

"A party offering a witness stands sponsor for his credibility, and, stated generally, is bound by what he may say both on direct and cross-examination. Being so bound, he has the right to call him for a particular purpose, and his adversary has no right to examine him generally, but is confined to the subjects testified to by him in chief. The cross-examiner will not be unduly restricted in the examination. Full scope and opportunity will be afforded, for cross-examination is the best-known method for the ascertainment of truth; but it must be confined to the subjects of the direct examination. If it is desired to examine the witness as to other matters, the proper practice is to make him his own witness. The only exception to this rule is to show bias or prejudice and to lay the foundation to admit evidence of prior contradictory statements."

The motion is denied.