# DOWLING *v.* UNITED STATES.

---

CRIMINAL LAW; FORGERY; INTENT; EVIDENCE; ORDER OF PROOF; TRIAL; CROSS-EXAMINATION; PREJUDICIAL ERROR; INSPECTION OF BOOKS BY JURY; DISCRETION OF APPELLATE COURT.

1. Forgery, and not embezzlement, is committed when an employee places his employer's indorsement on a check payable to the latter, and appropriates a part of the proceeds to his own use.

2. To constitute the crime of forgery, there must be a false making or other alteration of some instrument in writing; there must be a fraudulent intent; and the instrument must be apparently capable of effecting a fraud. Intent will not be presumed from the mere

making of a false instrument, but must be gathered from some affirmative act, or from the existence of circumstances from which criminal intent may be inferred. (Citing *Frisby* v. *United States,* 38 App. D. C. 22, 26, 37 L.R.A.(N.S.) 96.)

3. For the purpose of showing the intent of one charged with forgery in placing his employer's indorsement on a check drawn in favor of the latter in payment of a bill, evidence is competent that the accused credited the drawer of the check on the employer's book with less than the amount of the check, and changed the bill by reducing the price of the goods billed.

4. Other checks between the parties than the one alleged to have been forged are not admissible in evidence at the request of accused, where he does not demand their production until a witness for the prosecution in rebuttal admits, on cross-examination, that he has them, and the prosecution did not question him concerning them.

5. To be available on appeal, an objection to the mere admission of evidence as prejudicial to the accused, notwithstanding the court's direction that the jury disregard it, should be taken by a request that the court withdraw a juror and continue the cause.

6. Error in permitting the jury in a prosecution for forgery to inspect books containing material entries, before retiring, and after the case had been submitted, will not avail the accused where, after he had insisted on their introduction in evidence by the prosecution, and had objected to the jury taking them to the jury room, he consented to a suggestion made by the court that the jury be allowed to examine them before retiring.

7. No occasion arises for the exercise of an appellate court's sound discretion to determine on the whole record whether an accused has had a fair trial, where the questions were clean cut, fairly submitted to the jury, and found adversely to the defendant.

No. 2530.   Submitted October 6, 1913.   Decided November 3, 1913.

HEARING on an appeal by the defendant from a judgment of the Supreme Court of the District of Columbia convicting him of forgery.                                    *Affirmed.*

The COURT in the opinion stated the facts as follows:

Albert Dowling, appellant, defendant below, was charged in an indictment containing forty-two counts with forging and uttering twenty-one checks belonging to the firm of Knott &

Moler. Defendant had been in the employ of the firm in the city of Washington for a number of years as a salesman and collector. He was convicted upon two counts of the indictment charging him with forging and uttering a check for $700, drawn to the order of Knott & Moler by one Wardman, and given to defendant in part payment of a bill owing to the firm. The forgery consisted in defendant's indorsing the name of Knott & Moler on the back of the check. After cashing the check, defendant credited Wardman on the firm's books with the sum of $500. Defendant admitted that he collected the check, but claimed that Moler indorsed it, and that, after securing the money on it, he took the $700 and turned it over to Moler. Moler denied indorsing the check, and testified that defendant turned in only $500, with the statement that he had collected that amount in cash from Wardman.

The case is here upon the following assignments of error:

"1. The court erred in allowing the government to show any discrepancy between the amount of the check and the amount accounted for by appellant to the firm.

"2. The court erred in allowing the government to inquire as to the changing of the bill from 70 cents to 65 cents by appellant, and as to a settlement with Wardman on that basis, and in the admission of other evidence which tended to prove embezzlement.

"3. The court erred in allowing the government to inquire as to the financial condition of appellant.

"4. The court erred in refusing to permit the government witness Hobbs to produce the checks the witness admitted he had with him from Wardman to the firm of Knott & Moler, other than the checks mentioned in the indictment.

"5. The court erred in allowing the jury, against the objection of the appellant, after the case had been given to their charge, to examine the books and checks."

The first, second, and fourth assignments are treated together. Defendant testified on his own behalf "that the sales to Wardman were made at the rate of 65 cents per barrel for lime, and that this was known to Moler and the firm, but that the charges

were made at the rate of 70 cents per barrel upon the firm's books in order to deceive its other customers." On cross-examination, the district attorney was permitted, over the objection of defendant, to ask defendant "if Moler had not made out a bill against Wardman at the rate of 70 cents per barrel as charged upon the firm's books, and if he, the defendant, had not changed the bill without the knowledge of the firm to 65 cents per barrel, and settled upon that basis with Wardman."

*Mr. F. Edward Mitchell* and *Mr. Andrew A. Lipscomb,* for the appellant:

1. The admission of the bill which the firm had made out to Wardman, and which appellant was asked as to changing from 70 cents to 65 cents per barrel, was prejudicial to the appellant. *Boyd* v. *United States,* 142 U. S. 450–458; *Moore* v. *United States,* 150 U. S. 57; *Ryan* v. *United States,* 26 App. 74.

2. Inquiry into the financial condition of a defendant on the charge of forgery is inadmissible. *Leath* v. *State,* 132 Ala. 26; *State* v. *Tull,* 119 Mo. 421; *Devere* v. *State,* 5 Ohio C. 509.

3. That the court recognized the error thus committed, and sought to cure it by granting the motion to strike out and directing the jury to disregard it, did not and could not aid the appellant, and he was greatly prejudiced thereby. An instruction to disregard did not cure error in the following cases: *Raymond* v. *Com.* 123 Ky. 368; *Britton* v. *Com.* 123 Ky. 411; *Thompson* v. *State,* 6 Okla. Crim. Rep. 50; *Rice* v. *State,* 51 Tex. Crim. Rep. 285.

4. The judge may allow documents forming part of the record of the trial, or properly used before the jury on the trial, such as the indictment, plea, bill of particulars, etc., to be taken to the jury room; other documents must not be taken out. *State* v. *De Long,* 12 Iowa, 453; *Henold* v. *Com.* 10 Ky. L. Rep. 70; *Masterson* v. *State,* 144 Ind. 240; *Jones* v. *State,* 89 Ind. 82; *People* v. *Dowdigan,* 67 Mich. 92; *Johnson* v. *State,* 27 Fla. 245.

5. Where a portion of a book, paper, or document is excluded

from evidence, the jury should not be permitted to take the paper on retirement unless something is pasted over the excluded portion, or it is separated from the excluded portion. *Sargent* v. *Lawrence,* 16 Tex. Civ. App. 540; *Rich* v. *Hayes,* 97 Me. 293.

*Mr. C. R. Wilson,* United States District Attorney, and *Mr. S. McComas Hawken,* Assistant, for the appellee:

1. If the appellant wrote the firm name on the back of the check without authority, and then cashed it, but yet turned the full amount of money represented by the check over to the firm, no one would have been defrauded, and the indorsement would not have been made to the prejudice of any person, and, consequently, the crime of forgery would not have been proved. *Frisby* v. *United States,* 38 App. D. C. 26; 4 Elliott, Ev. § 995; *United States* v. *Parks,* 3 McArth. 315.

2. Evidence which is relative to the defendant's guilt is not rendered inadmissible because it proves, or tends to prove, him guilty of another and distinct crime. *People* v. *Marble,* 38 Mich. 123; *Com.* v. *Harrison,* 11 Gray, 308; *Moore* v. *United States,* 150 U. S. 57, 61; *People* v. *Marion,* 29 Mich. 31; *Burge* v. *State,* 53 Ohio St. 512, 516; *People* v. *Phillips,* 70 Cal. 61, 67.

3. Not only can the money which is the fruit of the forgery be traced, but the impecunious condition of the defendant at the time of the forgery can even be shown. *Walker* v. *State,* 127 Ga. 48; *State* v. *Henderson,* 29 W. Va. 147.

4. The trial justice did all that he was asked by appellant's counsel to do, and all that it was within his power to do, and if they thought that the defendant, notwithstanding the withdrawal of this evidence, would be prejudiced by it, they should have made a motion to withdraw a juror and continue the case for a new trial. *Lorenz* v. *United States,* 24 App. D. C. 337, 391.

5. Cross-examination of a witness must be limited to the

matters brought out on his direct examination.  *Houghton* v. *Jones,* 1 Wall. 702, 706; *Rea* v. *Missouri,* 17 Wall. 542.

6. The government had the right to introduce evidence of an expert accountant who had examined the books.  Wigmore, Ev. ¶ 1230; *Boston & W. R. Co.* v. *Dana,* 1 Gray, 104; *Elmira Roofing Co.* v. *Gould,* 71 Conn. 631; *Ritter* v. *State,* 69 S. W. 264; *Willis* v. *State,* 134 Ala. 452.

Mr. Justice VAN ORSDEL delivered the opinion of the Court:

That the crime of forgery, and not embezzlement, was committed, is foreclosed by the jury's finding that the indorsement on the check was made by defendant without authority from his employers.  "To constitute the crime of forgery three things must exist: 'There must be a false making or other alteration of some instrument in writing; there must be a fraudulent intent; and the instrument must be apparently capable of effecting a fraud.'   *   *   *   Intent in forgery will not be presumed from the mere making of a false instrument.  It must be gathered from some affirmative act, or from the existence of circumstances from which criminal intent may be inferred."  *Frisby* v. *United States,* 38 App. D. C. 22, 26, 37 L.R.A.(N.S.) 96.

In this view of the case, we think the evidence as to the false entry upon the books, and the inquiry as to the change of price on the bill, were both competent as showing intent on the part of defendant to commit the crime charged.  It being incumbent upon the government to show an intent to defraud, it was proper to inquire into the acts of defendant, not only in procuring the forged instrument, but also as to the disposition he made of the proceeds derived from its utterance.

Referring to the fourth assignment, it appears that the government, in rebuttal, had upon the stand a witness named Hobbs, a bookkeeper for Wardman, and while he was being cross-examined by the defendant, the defendant asked him if he had not with him other checks from Wardman to said firm, and being answered in the affirmative, asked to have said checks

produced and admitted in evidence. The offer was excluded on the ground that the offer was out of time, as the defendant had closed his case, and it was not proper cross-examination, as Hobbs had not been asked anything by the government concerning said checks. It was within the power of the trial judge to direct the orderly course of procedure in the conduct of the trial. It must be presumed that the witness Hobbs was available when defendant was introducing his evidence in chief. If the checks were competent for any purpose, it must have been to support defendant's statement that Moler, and not he, indorsed the checks involved in the counts of the indictment. For that purpose the evidence was part of defendant's case in chief, and should have been adduced at the proper time. The court properly refused to permit the witness to answer the question, both on the ground that it was not proper cross-examination, and for the reason that the offer was made out of season. To have permitted these checks to have been introduced after both parties had closed their evidence in chief would have been equivalent to opening the case anew. The rule is elementary that cross-examination of a witness must be confined to the matters brought out on his direct examination. *Houghton* v. *Jones,* 1 Wall. 702, 17 L. ed. 503; *Rea* v. *Missouri,* 17 Wall. 532, 21 L. ed. 707.

It is unnecessary to pass upon the admissibility of the evidence as to defendant's financial condition, since the court, upon motion of defendant, instructed the jury to disregard the evidence, and not to consider it in arriving at a verdict. If, as is now contended, the mere admission of this evidence was fatally prejudicial to defendant, and rendered it impossible for the jury to disregard its effect, the court should have been requested to withdraw a juror and continue the cause. This was not done, and we are now asked to presume from a record which purports only to be a brief epitome of what actually occurred at the trial, that defendant was so prejudiced by the admission of this testimony as to render it impossible for an intelligent jury to disregard it and award him a fair trial, though expressly directed by the court to do so.

It appears that when the trial had closed, and the jury had been instructed, the court suggested that the jury could take with it to the jury room for examination the books of the firm of Knott & Moler and the checks which had been introduced in evidence. To this defendant objected, whereupon the court suggested that the books and checks could be examined by the jury in the court room before retiring to the jury room, to which counsel for defendant responded, "Very well." When the examination was completed, counsel for defendant interposed an objection and exception to the action of the court. The government had properly offered on the trial to prove certain entries in the books, to which counsel for defendant had objected, and had insisted that the books be introduced in evidence, which had been done. The books were therefore in evidence by request of defendant, and submitted to examination by the jury with his consent. It was error for the court to permit the jury to examine the books in the court room after the case had been submitted, with the general admonition to consider only those entries bearing upon the case, and it would have been equally improper to have permitted the jury to take the books to the jury room. The books undoubtedly contained entries material to the issues in the case, but the particular entries should have been pointed out to the jury at the proper time by a competent witness from the witness stand. But, however irregular the proceeding, defendant cannot be heard to complain. A defendant in a criminal case will not be permitted to lay a trap for the court, and, after the court has become ensnared, claim prejudicial error, because the court did what he requested or assented to. The objection came too late.

We are not unmindful of the rule so strongly urged at bar, that appellate courts will exercise a sound discretion to determine upon the whole record whether or not the defendant has had a fair trial, and, if convinced that the court below has committed prejudicial error, will, notwithstanding the oversight of counsel for defendant, or the attempt of the court to cure the error by instruction, grant a new trial. But we are

not convinced that this is a case calling for the application of the rule. The clean-cut questions of the forgery and the fraudulent entry on the books of the firm, as well as the application to his own use of a part of the proceeds derived from the utterance of the forged check, were fairly presented to the jury, and found adversely to defendant. In no essential is the application of the rule of appellate discretion here necessary to protect the rights of the defendant.

The judgment is affirmed, and it is so ordered.

*Affirmed.*