ILLINOIS CENT. R. CO. v. NELSON.

(Circuit Court of Appeals, Eighth Circuit. March 7, 1914.)

No. 3967.

*(Syllabus by the Court.)*

1. MASTER AND SERVANT (§ 250*)—INJURY TO SERVANT—PROCEDURE—STATE AND FEDERAL LAW.

Where, in an action against a common carrier for a negligent injury, the same party, if any one, is entitled to recover on the alleged cause of action, and the rules of law governing the trial of the issues in the case are the same under the federal employers' liability act and under the state laws, and no question of jurisdiction is involved, it is immaterial

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

whether the action, trial, and judgment are conducted under the federal laws or under the state laws.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 805; Dec. Dig. § 250.*]

2. APPEAL AND ERROR (§ 854*)—HARMLESS ERROR—ERRONEOUS REASON FOR RULING.

The fact that a court gives a wrong reason for a right ruling does not render it erroneous.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3403, 3404, 3408–3424, 3427–3430; Dec. Dig. § 854.*]

3. WITNESSES (§ 269*)—CROSS-EXAMINATION—EXTENT.

The party on whose behalf a witness is called has the right to restrict his cross-examination to the subjects of his direct examination, and a violation of this right is reversible error. If the cross-examiner would inquire of the witness concerning matters not opened on the direct examination, he must call him on his own behalf.

[Ed. Note.—For other cases, see Witnesses, Cent. Dig. §§ 949–954; Dec. Dig. § 269.*]

4. DAMAGES (§§ 32, 50, 52*)—PERSONAL INJURIES.

In an action for a personal injury, the plaintiff may recover for the bodily suffering and mental pain which are inseparable from, and so necessarily and inevitably result from the injury, in this case for the mental pain which the plaintiff sustained while, immediately after a wreck, he was pinned to the ground so near a fire that he was in danger of being burned before he could be released by the sawing of a beam.

[Ed. Note.—For other cases, see Damages, Cent. Dig. §§ 40, 41, 71, 100, 255, 257–259; Dec. Dig. §§ 32, 50, 52.*]

5. MASTER AND SERVANT (§ 265*)—INJURY TO RAILROAD EMPLOYÉ.

It is not indispensable to a recovery under the law of Iowa (section 1307, Code 1873) for an injury caused by the operation of a railroad by the defendant that the plaintiff should prove that at the time he was injured he was engaged in the discharge of some duty in connection with the use or operation of the railroad.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 877–908, 955; Dec. Dig. § 265.*]

6. TRIAL (§ 260*)—INSTRUCTIONS.

The refusal to give a requested instruction in the words of counsel is not error, where the court embodies the substance of the instruction in its general charge.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 651–659; Dec. Dig. § 260.*]

7. APPEAL AND ERROR (§ 760*)—ASSIGNMENTS OF ERROR—BRIEF.

Where counsel do not consider errors assigned of sufficient importance to point out in their brief the pages in the bill of exceptions in the printed transcript of the record where the rulings of the court challenged with the objections and exceptions to them may be found, the court will not ordinarily deem them of sufficient materiality to search through the record to find and discuss them.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3095; Dec. Dig. § 760.*]

In Error to the District Court of the United States for the Northern District of Iowa; Henry T. Reed, Judge.

Action by Lu Verne D. Nelson, a minor, by Emma D. Nelson, his next friend, against the Illinois Central Railroad Company. Judgment for plaintiff, and defendant brings error. Affirmed.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

F. H. Helsell, of Ft. Dodge, Iowa (Helsell & Helsell, of Ft. Dodge, Iowa, and Blewett Lee and W. S. Horton, both of Chicago, Ill., on the brief), for plaintiff in error.

M. J. Wade, of Iowa City, Iowa, and Arthur G. Bush, of Davenport, Iowa (Wade, Dutcher & Davis, of Iowa City, Iowa, Ely & Bush, of Davenport, Iowa, and Loren Risk, of Waterloo, Iowa, on the brief), for defendant in error..

Before SANBORN and SMITH, Circuit Judges, and POPE, District Judge.

SANBORN, Circuit Judge. The plaintiff below, Lu Verne D. Nelson, was a fireman employed by the Illinois Central Railroad Company in firing the engine on the first section of its train No. 71 going west on the night of January 6, 1912. When that engine arrived at the station of Wise, it went out of commission, the way car or caboose of that section was attached to the rear of the second section of No. 71, and when this composite train went out of Jesup, the next station west, Nelson was riding in that caboose. About four miles west of Jesup, while that train was proceeding on its way, the third section of No. 71 ran into the rear of it and seriously injured the plaintiff. He sued the company for negligence and recovered a judgment of $6,000. The railroad company specifies many alleged errors in the trial, but those upon which its counsel seem to rely most confidently challenge the rulings of the court relative to the question whether the recovery should have been had under the federal employers' liability act or under the law of the state of Iowa. These rulings relate to motions to amend the pleadings, to the striking out of evidence tending to prove that the plaintiff and defendant were both engaged in interstate commerce when the plaintiff was injured, to the admission and exclusion of evidence, and to instructions to the jury given and refused.

[1] In his original complaint Nelson stated a cause of action under both the federal law and the state law. The defendant answered that it admitted that the plaintiff was injured at the place stated in his complaint, but that it denied that the plaintiff or the defendant was engaged in interstate commerce at the time of the accident and injury. It alleged that the plaintiff assumed the risk of the accident and that he was guilty of negligence which contributed to his injury. After the jury was impaneled and before any evidence was introduced, counsel for the defendant admitted in open court that the defendant was liable for the injury of the plaintiff, unless the latter assumed the risk of his injury or was guilty of contributory negligence. Thereupon counsel for the plaintiff immediately made a motion to amend his complaint by striking out the averment that the plaintiff and the defendant were engaged in interstate commerce at the time of the accident so that the complaint would state a cause of action under the law of Iowa alone. Although the defendant had denied in its answer that either of the parties was engaged in interstate commerce at the time of the accident, its counsel objected to this amendment. Counsel for the plaintiff then offered to admit that both parties were engaged in interstate commerce if counsel for the defendant would say that he

wished to allege that fact. His offer, however, was not accepted, and the court granted his motion to amend. The paragraph of defendant's answer in which it had denied that either of the parties was engaged in interstate commerce at the time of the accident read in this way:

"It admits that at the time stated it was a corporation engaged at certain places in interstate commerce, but it specifically denies that at the time and place where the defendant claims he was injured that either the plaintiff or defendant at the time of the accident and in connection therewith, was engaged in interstate commerce."

As soon as the plaintiff's amendment which stated his cause of action under the state law was allowed, defendant's counsel moved to amend this paragraph of the answer by substituting for the words, "but it specifically denies" therein the words, "and it admits and avers," and by substituting the word "and" for the word "or" between the words "plaintiff" and "defendant." The court granted this motion. In the course of the trial evidence was introduced which tended to prove that each of the parties was engaged in interstate commerce at the time of the accident. At the close of the trial no substantial evidence had been introduced in support of the defense of assumption of risk, or in support of the defense of contributory negligence. The plaintiff then moved the court to strike out the evidence that the parties were engaged in interstate commerce at the time of the accident on the ground that the answer did not set up that defense, counsel for the defendant moved to amend the answer so as to plead that defense, but his motion was denied, and the motion of the plaintiff to strike out the evidence was granted.

No error is perceived in these rulings. The defendant was offered its choice of the defense of a cause of action for an admitted liability under the federal law or under the state law. When the plaintiff alleged that his cause of action arose under the federal law, the defendant denied that it arose under that law. When the plaintiff alleged by an amendment that his cause of action arose under the state law, counsel for the defendant now insists that he intended to amend his answer so as to plead that it arose under the federal law. The court held that his amended pleading was insufficient to present that issue, and that ruling was clearly right, for it was indispensable to a plea of that fact that the defendant should aver that the plaintiff and his employer were each engaged in interstate commerce at the time of the accident, and the defendant did not allege that the plaintiff was so engaged. There was no error in the granting of the motion to strike out the evidence to the effect that the parties were engaged in interstate commerce because there was no pleading to warrant its admission and it was no abuse of discretion for the court to refuse the defendant permission, at the close of the trial, to inject that issue into the case when the record conclusively proved that the only purpose of the attempt to introduce it was to postpone the plaintiff's recovery of damages caused by the admitted negligence of the defendant.

Not only this, but if there had been error in these rulings it

would not have been fatal to this trial, because defendant's liability for its negligence was admitted, there was no substantial evidence of the plaintiff's assumption of the risk of his injury, or of his contributory negligence, the same person, the plaintiff, was entitled to recover whether his cause of action arose under the federal law or under the state law, the only question remaining at issue was the amount of the recoverable damages, and the rules for the measurement of these damages were identical under the federal law and under the state law, so that it appeared beyond doubt from the pleadings and the evidence that an error in these rulings did not prejudice and could not have prejudiced the defendant, and error without prejudice is no ground for reversal. Where, in an action against a common carrier for a negligent injury, the same party, if any one, is entitled to recover on the alleged cause of action, and the rules of law governing the trial of the issues in the case are the same under the federal employers' liability act and under the state laws, and no question of jurisdiction is involved, it is immaterial whether the action, trial, and judgment are had under the federal law or under the state law.

Because there was no substantial evidence to sustain a verdict that the plaintiff assumed the risk of his injury or that he was guilty of contributory negligence, this record satisfies beyond doubt that the alleged errors in the rulings of the court on these subjects, as well as on matters relating to the question whether the cause of action arose under the federal law or under the state law, did not prejudice and could not have prejudiced the defendant, and they are accordingly dismissed without further discussion, whether they were made upon questions regarding the pleadings, upon the admission or exclusion of evidence, in the charge of the court, or in its refusal of requested instructions.

[3] A witness was asked this question on his cross-examination:

"Now, when a train was abandoned that way, and the engine is out of commission, and they are taken in by another train, what crew is in charge of transportation?"

The plaintiff objected to the evidence sought by this question as incompetent, irrelevant, and immaterial, the court declared that if the objection that this was not proper cross-examination was made he would sustain it, the plaintiff made that objection, the court sustained it, and this ruling is specified as error. The record discloses the fact that the witness had testified that the conductor and crew of the second section of train No. 71 pulled the composite train out of Jesup after Nelson's engine was out of commission. When, after the above ruling, that fact was called to the attention of counsel for the defendant, he declared that, if he had been certain that the record so showed he would never have asked the question, counsel for the defendant answered that the fact that the crew of the second section pulled the train was conceded, and the witness then made the following answers to questions by the court:

"Q. Didn't you so answer, Mr. O'Connor? A. The engine of the second section pulled the train, yes, from Wise. Q. Well, the crew that belonged to

that section would be operating it, wouldn't they? A. Yes, sir. Q. Nelson did or did not belong to that crew? A. To that engine crew he did not."

Conceding that if the evidence of what crew would ordinarily take charge of the transportation when the engine of one train became out of commission and it and a part of its train was attached to another train was material, the court was doubtless in error in its view that the question which sought this evidence was not proper cross-examination.

[2] Nevertheless, the ruling was right because the objection that the evidence was immaterial was interposed to it, and it certainly was immaterial, and the fact that the court gives a wrong reason for a right ruling does not make it erroneous. Moreover, the colloquy which has been recited demonstrates the proposition that the defendants could not have been prejudiced by the ruling in any event.

It is specified as error that the court sustained the objection, "Not proper cross-examination, irrelevant, and immaterial," to the question, "Did you see him (Nelson) or any one else going and looking out the back door, or watching for that train while you were in there at that time?" which the defendant propounded to a witness for the plaintiff. This witness had testified that after they left Jesup he was riding in the caboose with Nelson and others for some time before and when the accident occurred, and that the train had not stopped after it left Jesup, but he had given no testimony relative to his care or the care of any one to guard against the third section of train No. 71 which they all knew was to follow it. The question, therefore, was not proper cross-examination, and there was no error in the exclusion of the answer to it. The party on whose behalf a witness is called has the right to restrict his cross-examination to the subjects of his direct examination, and a violation of this right is reversible error. If the cross-examiner would inquire of the witness concerning matters not opened on the direct examination, he must call him on his own behalf. Harrold v. Territory of Oklahoma, 169 Fed. 47, 52, 94 C. C. A. 415, 17 Ann. Cas. 868, and cases there cited; Resurrection Gold Mining Co. v. Fortune Gold Min. Co., 129 Fed. 668, 674, 64 C. C. A. 180.

[4] After the wreck Nelson was found pinned to the ground by a beam across his broken arm so near to a fire which had immediately started that there was danger of its burning him before the timber could be sawed so that he could be released. After evidence of this situation had been introduced, he was asked to describe his feelings or thoughts at that time and place with reference to the danger from that fire, if there was any, and he answered, over the objection of the defendant that it "was a self-serving declaration, no part of the res gestæ, irrelevant, incompetent, and immaterial, and that it embraced matters which were not evidential of an injury," "I was in lots of pain and was afraid of being burned," and complaint is made that the court admitted this evidence. But in an action for personal injury the plaintiff may recover for the bodily suffering and the mental pain, which are inseparable from, and which necessarily and inevitably result from the injury (Southern Pacific Co. v. Hetzer, 135 Fed. 272, 274, 68 C. C. A. 26, 1 L. R. A. [N. S.] 288), and the bodily suffering and mental pain

of which this evidence treated was of that character. There was no error in its admission.

[5] Counsel for the defendant specify as error the refusal of the court to instruct the jury that the plaintiff could not recover under the laws of the state of Iowa (section 1307, Code) unless he had proved that at the time of the accident he was engaged in the discharge of some duty in connection with the use and operation of a railroad; but there was no error in that refusal. Marion v. Chicago, Rock Island & Pac. Ry. Co., 64 Iowa, 568, 572, 21 N. W. 86; Pierce v. Central Iowa Ry. Co., 73 Iowa, 140, 142, 34 N. W. 783. Moreover, the alleged errors in the charge and rulings of the court relative to the liability of the defendant were not and could not have been prejudicial to the defendant because it had admitted its liability in the absence of assumption of the risk and contributory negligence by the plaintiff, and there was no substantial evidence to support either of those defenses.

[6] Complaint is made that the court refused a request to instruct the jury that: (1) The burden of proof was on the plaintiff regarding the cause of any physical condition he claimed, to establish by a preponderance of the evidence the facts relied upon by him for recovery; (2) that it was necessary for him to prove the cause or causes of such condition to a reasonable certainty, by evidence reasonably certain and sure, and that such cause or causes might not be determined upon suggestion, possibility, guess, or presumed without proof. But the court instructed the jury that the questions for their determination were the character and extent of the injuries sustained by the plaintiff in the wreck in question and (2) the amount for which the defendant was liable to the plaintiff for such injuries, and then proceeded to say:

"The questions you are to determine then by your verdict are reduced to those two, and I must say to you that the burden of proof is upon the plaintiff in this case to establish by the fair preponderance of the credible evidence both of these questions. You cannot find either of them from mere conjecture or guess, but you must find them from the sworn evidence adduced and admitted upon the trial before you and by such reasonable inferences and deductions that may be drawn therefrom by you."

There is no merit in this complaint. The refusal to give a requested instruction in the words of counsel is not error where the court embodies the substance of the instruction in its charge.

[7] There are other specifications of error. Counsel for the defendant assigned 52. Those upon which they appeared upon the brief and oral argument to place their chief reliance have now been discussed and ruled. These rulings have disposed of the larger number and the more important of their specifications. Those which have not been reviewed at length are doubtless of little moment, for, while counsel have cited the pages in the printed transcript where they allege in their assignment of errors that these errors have been committed, they have not deemed them of sufficient importance to point out in their brief the pages in the bill of exceptions printed in the transcript as required by the rule and practice of this court, where the proof, if there be any, of their averment of these errors may be found, so that these specifications, as well as some of those which have been searched out, considered, and ruled, fall under the familiar rule that:

"Where counsel do not consider the errors which they assign of sufficient importance to point out in their brief the pages in the bill of exceptions printed in the transcript where the rulings which they challenge may be found, in accordance with rule 24 of this court and its former rulings, the court will not ordinarily deem the questions they seek to present of sufficient materiality to search through the record to find and review the rulings." Rule 24, par. 2, subd. 3, 11 C. C. A. lxxxviii, 47 Fed. xi, 188 Fed. xvi, 109 C. C. A. xvi; Rule 21 Supreme Court, par. 2, subd. 3 (32 Sup. Ct. x); Chicago Great Western Ry. Co. v. Egan, 159 Fed. 40, 46; Northwestern S. B. & Mfg. Co. v. Great Lakes E. Works, 181 Fed. 38, 45, 104 C. C. A. 52.

The search which has discovered the rulings the court has discussed has been rewarded by the disclosure of no error, and it now invokes the rule and pursues the search no farther.

Let the judgment below be affirmed.