### APLIN v. UNITED STATES.
### No. 6068.

Circuit Court of Appeals, Ninth Circuit.

June 9, 1930.

Forrest E. Littlefield, of Portland, Or., for appellant.

George Neuner, U. S. Atty., and Francis E. Marsh, Asst. U. S. Atty., both of Portland, Or.

Before RUDKIN, DIETRICH, and WILBUR, Circuit Judges.

RUDKIN, Circuit Judge.

The indictment in this case charged the defendant with the crime of transporting a certain woman in interstate commerce from Salem, Or., to Chico, Cal., for the purpose of prostitution, debauchery, and other immoral purposes. From a judgment of conviction, the defendant has appealed.

The appellant made a written confession to a special agent of the Department of Justice, in which he admitted that he had had illicit intercourse with the woman in question at Salem, Or., beginning in March, 1928; that they left Salem together, by automobile, on July 7, 1928, and proceeded down the Pacific Highway, stopping at Chico, Cal.; that they lived together in an auto camp at Chico for about three weeks, where they had illicit intercourse; that they then proceeded to Las Vegas, Nev., where they have since lived together as husband and wife. The appellee offered some further testimony tending to show the relations maintained between the parties at Salem, before leaving Oregon, from which illicit intercourse might be inferred.

496

The woman was then placed upon the witness stand and testified that she was 22 years of age and was now living at Las Vegas, Nev.; that she formerly lived in Salem, Or.; that she left Salem July 7, 1928, and went to Las Vegas, Nev., stopping at Chico, Cal., on the way; and that she traveled with the appellant in his Chevrolet car from Salem, Or., to Chico, Cal.

On cross-examination, counsel for appellant sought to inquire into the relations maintained between the witness and the appellant at the different places above mentioned, but an objection was sustained on the ground that it was not proper cross-examination. This ruling and the sufficiency of the testimony to support the verdict are the only questions presented for consideration.

Subject to certain exceptions, not material here, it is the settled rule in the federal courts that the cross-examination of a witness is limited to matters embraced in the examination in chief. Philadelphia & Trenton R. Co. v. Stimpson, 14 Pet. 448, 10 L. Ed. 535; Houghton v. Jones, 1 Wall. 702, 17 L. Ed. 503; Montgomery v. Ætna Life Ins. Co. (C. C. A.) 97 F. 913; Foster v. United States (C. C. A.) 178 F. 165; Ferry-Hallock Co. v. Orange Hat Box Co. (C. C.) 185 F. 816; Hales v. Michigan Cent. R. Co. (C. C. A.) 200 F. 533; Illinois Cent. R. Co. v. Nelson (C. C. A.) 212 F. 69; Heard v. United States (C. C. A.) 255 F. 829; Minnesota & Ontario P. Co. v. Swenson Evaporation Co. (C. C. A.) 281 F. 622. The examination in chief of this witness was limited to the question of her age and the transportation, so there was no error in the ruling complained of.

It is next contended that there was no proof of the corpus delicti. The principal ground of this objection is that the extrajudicial confession of the appellant was not corroborated. The extent to which such a confession must be corroborated was considered by this court in Mangum v. United States (C. C. A.) 289 F. 213, and Pearlman v. United States (C. C. A.) 10 F.(2d) 460. See, also, Daeche v. United States (C. C. A.) 250 F. 566. Under the rule there announced, the corroboration in this case was ample.

Finally, it is contended that there was a failure to prove that the transportation was for an immoral purpose. Purpose or intent is generally proved by circumstantial evidence, and may be so proved under all the authorities. Here there were illicit relations in Oregon before their departure from that state, there were illicit relations in the course of the trip, and illicit relations after its termination. From these facts and circumstances, the jury might well infer that at least one purpose of the transportation was debauchery, or other immoral purpose. Tobias v. United States (C. C. A.) 2 F.(2d) 361; Noland v. United States (C. C. A.) 10 F.(2d) 768; Hart v. United States (C. C. A.) 11 F.(2d) 499; Ghadiali v. United States (C. C. A.) 17 F.(2d) 236.

We find no error in the record, and the judgment of the court below is affirmed.