## COLTABELLOTTA v. UNITED STATES.
### No. 116.

Circuit Court of Appeals, Second Circuit.

Nov. 10, 1930.

118

Murry Boxer, of New York City (J. Sidney Bernstein, of New York City, of counsel), for appellant.

Howard W. Ameli, U. S. Atty., of Brooklyn, N. Y. (Herbert H. Kellogg, Asst. U. S. Atty., of Brooklyn, N. Y., of counsel), for the United States.

Before MANTON, AUGUSTUS N. HAND, and CHASE, Circuit Judges.

CHASE, Circuit Judge (after stating the facts as above).

Reversal is sought on the ground that the evidence was insufficient to support either count in the indictment and that the attitude of the trial court was prejudicial to the defendant.

The familiar doctrine that an appellate court will not reverse a judgment entered on a verdict of guilty, where the evidence, however contradicted, might still reasonably lead honest and impartial jurors to the conclusion that the defendant is, beyond a reasonable doubt, guilty, and there is no error elsewhere, needs no elaboration here. All necessary to convict the defendant on the first count was proved by testimony directly to the facts except his intent in sending the girl from New York to New Jersey September 5th. This intent to cause her to be transported for immoral purposes across the state line must have been proved beyond a reasonable doubt to have been in his mind when he had her transported; for such a present intent is an indispensable ingredient of the crime charged. Alpert v. United States (C. C. A.) 12 F.(2d) 352; Drossos v. United States (C. C. A.) 16 F.(2d) 833. And, of course, the burden was on the government to show it. Kelly v. United States (C. C. A.) 297 F. 212. Being nothing more tangible than a state of mind, the defendant's intent must of necessity remain his secret except only in so far as he disclosed it by speech or conduct. Although he denied any part in her going away and attempted to prove an alibi, the jury had the right to disbelieve him and his evidence and take the facts as disclosed by the government's evidence to be true. It had an equal right to make all reasonable deductions from the facts proved to determine his intent. What he is said to have said indicated no immoral purpose, but rather a desire to pre-

pare for his action for divorce, but his acts, as so often is true, speak louder than words. He had had sexual intercourse with this girl in June; his power over her enabled him to take her without protest from Staten Island to Fortieth street and persuade her to write and give to him to mail a false letter calculated to explain her absence to her parents and forestall search or pursuit by them. It was sufficient to send her on a bus to his cousin's in Bogota, N. J., where they had been together the day before for some purpose. The suggestion that the trip was in preparation for the trial of his divorce action is supported by no evidence other than her testimony that that is what he told her, and he repudiated such a reason entirely by his evidence that he had nothing to do with her going. With the evidence standing thus, and the jury with cause believing that the defendant had testified falsely about the trip, we cannot as a matter of law say that it was not warranted in reaching the conclusion it did that beyond a reasonable doubt the defendant knowingly caused this girl to be transported from New York to New Jersey with the intent necessary to constitute the crime with which he was charged in the first count. See Alpin v. United States (C. C. A.) 41 F.(2d) 495. The exception presents only a question of fact into which we can go but deep enough to determine whether the jury had sufficient evidence before it on which to base its finding. Sloan v. United States (C. C. A.) 287 F. 91, 92. Having found such evidence, we are bound to uphold the verdict and judgment.

■■ The statute on which the second count was based required the government to prove beyond a reasonable doubt that the bus used to transport the girl to New Jersey was a common carrier. This was a fact susceptible of definite and direct proof. Yet nothing about it was shown except that it was a bus that took passengers who had tickets; that some twenty passengers made the trip at the time in question; that it went from Fortieth street, Manhattan, to Bogota, N. J.; and that it had a conductor. We need not go into the distinction between a common and a private carrier for there are no facts in evidence which point to this bus being one rather than the other. All distinctive facts, supposedly easy to have been obtained, are lacking, and there was no evidence rising above the status of mere probability that the bus was a common carrier.

The exception based on the claim that the attitude of the trial court was prejudicial to the defendant was not only unsupported by the

record, but is entirely refuted by it. It merits no discussion whatever.

Judgment on the first count affirmed. Judgment on the second count reversed.