**SINK v. COX, Warden, United States Medical Center, Springfield, Mo.**

No. 12763.

Circuit Court of Appeals, Eighth Circuit.

May 29, 1944.

George Sink, pro se.

Otto Schmid, Asst. U. S. Atty., of Kansas City, Mo. (Maurice M. Milligan, U. S. Atty., of Kansas City, Mo., on the brief), for appellee.

Before GARDNER, JOHNSEN, and RIDDICK, Circuit Judges.

RIDDICK, Circuit Judge.

This is an appeal from a judgment denying a petition for a writ of habeas corpus.

On April 27, 1936, the appellant, on his pleas of guilty to two indictments returned against him in the United States District Court for the Western District of Kentucky, received five sentences to imprisonment in the United States Penitentiary at Atlanta, Georgia, the sentences to run consecutively for a period of 13½ years. After his commitment, appellant, in proper proceedings, was found to be a person of unsound mind and was removed to the Medical Center for Federal Prisoners at Springfield, Missouri, where he is now detained under the sentences mentioned above.

The first indictment, No. 19245, charged appellant in four counts with violations of the Mann Act, 18 U.S.C.A. § 397 et seq. The first count charged him with having knowingly transported a certain girl from Paducah, Kentucky, to Brookport, Illinois, on the 1st day of November, 1935, with the intent and for the purposes denounced by section 2 of the Act, 18 U.S.C.A. § 398. On this count appellant received a sentence of five years. The second count of this indictment charged the appellant with having, on the same day, knowingly induced and enticed the same girl, then under the age of 18 years, to go in interstate commerce from Paducah, Kentucky, to Brookport, Illinois, for the purpose of debauchery and other immoral purposes. This count was based on the fourth section of the Act, 18 U.S.C.A. § 400, but contained no allegation, as required by that section, of a transportation or going in interstate commerce "as a passenger * * * upon the line or route of any common carrier * * *." Appellant received a sentence of two years on this count. The third and fourth counts of this indictment were in all respects identical respectively with the first and second counts, except that the transportation and going in interstate commerce were charged to have occurred on the 2d day of November, 1935, and to have originated in the City of East St. Louis, Illinois, and to have ended in the City of

Louisville, Kentucky. Appellant received sentences of two years on the third count and of eighteen months on the fourth count.

In the second indictment, No. 19246, appellant was charged in one count with having escaped from the custody of a Federal officer while being held pursuant to a lawful arrest on a charge of a felony. Appellant received a sentence of three years on this indictment.

At the time of the hearing in the District Court appellant had served more than seven years of the sentences received by him.

Appellant admits the validity of his sentence under the second indictment. He contends, however, that the first indictment charged only one offense, and, in his view of the matter, that offense was charged in either count two or count four of the indictment. Under appellant's contention the aggregate of the lawful sentences received by him would not exceed five years, and, since he has now served more than seven, he contends that he is entitled to his discharge. He attempts to' support this contention, first, by the assertion that the transportation or going in interstate commerce charged in the four counts of the first indictment was in reality only one, namely, from Paducah, Kentucky, to Brookport, Illinois, to East St. Louis, Illinois, and thence to Louisville, Kentucky; and, secondly, by the argument that, since the girl transported or induced to go in interstate commerce was in fact under 18 years of age, he was lawfully subject to conviction only under section 4 of the Act.

■■■ Appellant's first contention is one that he might have made on his trial in the District Court in Kentucky, and one which, within the bounds of possibility, might have been successful. It comes too late here. Instead of offering evidence in the proceeding in which he was sentenced to prove that the transportations charged in counts one and three of the indictment were in fact only one, he entered pleas of guilty to each count. On the record before us the transportations charged in these counts occurred on different days and between different points of origin and destination. That the same girl was involved in each is not decisive. The two counts in question charged separate and distinct prohibited transportations, and, therefore, charged separate and distinct crimes.

■ The offense denounced in the second section of the Act, 18 U.S.C.A. § 398, is the transportation or assisting in the transportation in interstate commerce of any woman or girl with the intent and for the purpose of debauchery or other immoral purposes. Neither the manner nor the means of transportation, nor the age of the person transported, is a necessary ingredient of the offense. Sloan v. United States, 8 Cir., 287 F. 91. The offense defined in section 4 of the Act, 18 U.S.C.A. § 400, is inducing or enticing a woman or girl under the age of 18 years to go "as a passenger in interstate commerce upon the line or route of any common carrier" with the intent and for the purpose of inducing or coercing the person transported to engage in debauchery or other immoral practices. The age of the person transported and the means of transportation are necessary ingredients of the offense. Alpert v. United States, 2 Cir., 12 F.2d 352, 354. The two sections define different offenses. Roark v. United States, 8 Cir., 17 F.2d 570; Blain v. United States, 8 Cir., 22 F.2d 393, 395; Coltabellotta v. United States, 2 Cir., 45 F.2d 117, 119; United States v. Saledonis, 2 Cir., 93 F.2d 302, 303; Hewitt v. United States, 8 Cir., 110 F.2d 1, 10.

■ It follows that in any view of the case appellant was legally sentenced to an imprisonment of five years on count one of the first indictment, of two years on count three of the first indictment, and of three years on the second indictment, the sentences to run consecutively for ten years. Since appellant has not served the full term of the sentences lawfully imposed upon him, we have no occasion to inquire into the validity of the sentences imposed under counts two and four of the first indictment. That these counts fail to charge offenses against the United States, as respondent admitted on the argument, or that they charge the same offenses alleged in counts one and three, is, in the circumstances, of no importance upon the question of appellant's right to discharge upon habeas corpus. Nor has appellant been twice placed in jeopardy for the same offense. Eori v. Aderhold, Warden, 5 Cir., 53 F.2d 840, 841; McNally v. Hill, Warden, 293 U.S. 131, 139, 55 S.Ct. 24, 79 L. Ed. 238; Holiday v. Johnston, Warden,' 313 U.S. 342, 349, 550, 61 S.Ct. 1015, 85 L.Ed. 1392.

The judgment of the District Court is affirmed.